## SLAUGHTER AD. VS. SLAUGHTER.

The decision in *Moody vs. Walker*, 3 *Ark.*, 187, that a limitation of property after an indefinite failure of issue is void ; and that to make an executory devise good to a second legatee, the gift to the first taker must be restricted to a life interest, or must be something less than an absolute gift, re-affirmed.

*Appeal from Phillips Circuit Court.*

Hon. MARK W. ALEXANDER, Circuit Judge.

STILLWELL & WOODRUFF, for appellant.

The words of the will are ample to vest the absolute property in Hannah and Elizabeth Pollard, and unless qualified by the subsequent clause, no right vested in appellee upon her death, to either Hannah or her descendants. If the testator referred to, dying *without heir*, before the bequest took effect, (the time of the death of the testator,) appellee's claim is wholly unfounded.

It will not be controverted that the bequest to Elizabeth Pollard vested immediately upon the death of the testator, and it is a well settled rule on this subject, that if a legacy be given to A generally, "and in case of his death," to B, those expressions, unexplained by the context of the will, are to be confined *to the event of death happening during the life of the testator*, so that if the legatee survive him, the legacy will *immediately vest discharged of the executory bequest to B.*; 1 *Roper on Legacies, p.* 608, (*ed. of* 1848;) 4 *Vesey*, 161, *Hinckly vs. Simmons;* 8 *Vesey*, 21, *Cambridge vs. Rous;* 8 *Vesey*, 23, 413, 410, *Webster vs. Hall;* 7 *Sim.*, 40, *Origan vs. Baines;* 2 *Jarman on Wills, p.* 660, (*ed. of* 1849;) 2 *Stra.*, 1261, *Lowfield vs. Stoneham;* 5 *Vesey*, 806, *King vs. Taylor;* 18 *Vesey*, 291, *Omany vs. Bearon.*

It is essential to the validity of an executory devise, that it cannot be defeated by the first taker. If the absolute right of property is given to the first taker, the limitation over is void. 3 *Ark.*, 186, *etc., Moody vs. Walker;* 11 *Wendell*, 311, 361, *Patterson vs. Ellis;* 8 *Vesey*, (*P. E.*) 10, *Wilmot vs. Wilmot;* 8 *Vesey*, 412, *Webster vs. Hale;* 15 *Ark.*, 702, *Scull vs. Vaugine.*

This is a much stronger case than *Moody vs. Walker.* There the intention of the testator was plainly expressed, there was no ambiguity—nothing left to inference, and yet the court refused to give effect to his intention, because to do so would be to defeat the absolute right of the first taker. Here, at best, the intention

can be arrived at only by a strained construction—inferences not warranted by the language of the testator.

WATKINS for the appellee.

It is submitted for the appellee that the clause of the will under which she claims, is good as an executory devise ; and that is the only material question to be considered.

It is a universal rule in the construction of wills that the intention of the testator, so far as it can be gathered from the entire will, is to have effect, unless it would contravene some positive rule of law. In this instance the meaning of the testator is obvious. He intended that if any of those grand-children died childless, the property bequeathed to such should go to the surviving grand-children. The limitation over would not be void as upon an indefinite failure of issue, or for remoteness. The language used points to the death of the legatee, as the period of time when the failure of issue is to take place. The survivor or survivors would, of necessity, be persons in being at the time of the making of the will.

It is submitted for the appellee that the words used in the will of John Pollard, according to the weight of judicial authority, import a definite failure of issue, at the death of the first taker. The reasoning and conclusion of this court in the case of *Moody vs. Walker*, and the authorities relied upon, in deciding this question directly presented and involved, are conclusive in favor of the appellee in the case now before the court. The first important proposition there settled is, that in cases of this kind, where there are reciprocal limitations over upon survivorship, the limitation is for or to the survivors personally. Many of the cases cited, and conclusions arrived at, in the fair and candid argument of the learned counsel for Walker in that case, as well as the opinion of the court, bear directly in favor of the construction claimed for the appellee here.

In a case resting so much upon authority, it will be sufficient to cite the cases to which the attention of the court is requested, in addition to those referred to in *Moody vs. Walker*. 1 *Jarman*

*on Wills,* 781, *(marg.;)* 2 *Ib.*, 418, 426; *James vs. Williams,* 6 *Munf.*, 301; *Cordle vs. Cordle. Ib.* 455; 2 *Kent,* 352; 4 *Ib.*, 283; *Williamson vs. Daniel,* 12 *Wheat.*, 568; *Patterson vs. Ellis,* 11 *Wend.*, 278; *Darley vs. Martin,* 24 *Law & Eq. Rep.*, 275; *Moffat vs. Strong,* 10 *John.*, 16; *Forsdick vs. Cornell,* 1 *John.*, 440, *Jackson vs. Blaushan,* 3 *John.*, 292; *Jackson vs. Staats,* 11 *John.*, 337; *Anderson vs. Jackson,* 2 *Cow.*, 333; *Fortesque vs. Fenner,* 1 *Ire., L. Rep.*, 566; *Rapp vs. Rapp,* 6 *Barr,* 45; *Johnson vs. Curren,* 10 *Ib.*, 498; *McGraw vs. Davenport,* 6 *Porter,* 330; *Darden vs. Burns,* 6 *Ala.*, 362; *Gray vs. Bridgeforth,* 33 *Missi.*, 312; *Gray vs. Gray,* 20 *Geo.*, 804.

Mr. Justice FAIRCHILD, delivered the opinion of the court.

"It is essential to the validity of an executory devise that it cannot be defeated by the first taker. If the absolute right of property is given to the first taker, the limitation over is void. For if a legatee possesses the absolute right of property, he certainly has the power of disposing of it in any way he may think proper, and therefore he might defeat the devise or limitation over. If a testator gives property absolutely, in the first instance, to a legatee, he cannot afterwards subject it to any limitation or provision whatever, as for example, that he shall hold it for life, or that he shall not spend it in a particular manner. The absolute right of ownership carries with it full power of disposing of the property. The case of the *Attorney General vs. Hall,* 8 *Viner,* 103, expressly decides this point. So also, the cases of *Flanders vs. Clark,* 1 *Ves., Sr.,* 9; *Butterfield vs. Butterfield,* 1 *Ves., Sr.,* 134, and *Bradley vs. Peixoto,* 3 *Ves.,* 324; the same doctrine is re-asserted and affirmed in *Ross vs. Ross,* 1 *Jac. & Walk.,* 154, decided in 1819. Chancellor Kent has stated the principle, contained in all the authorities, very briefly and comprehensively in the second volume of his Commentaries, at pages 352, 353, 354. The rule there laid down is 'that chattels or money may be limited over after a life interest, but not after a gift of the absolute property, nor can there be an estate tail in a chattel interest, for

that would lead to a perpetuity and no remainder over can be permitted on such a limitation; that it is a settled rule, that the same words which, under the English law, would create an estate tail, as to freeholds, gives the absolute property to chattels.' In *Patterson vs. Ellis*, 11 *Wend.*, 299, Senator Edmonds uses this emphatic language, ' that where the use of a chattel is devised to one for life, with remainder to another, the devise of the remainder is valid, and the intention of the testator, to give only a life estate, must be undisputed; but where the devise is such, that the property in the chattel becomes absolutely vested in the first taker, any attempt of the testator afterwards to control or restrict the power of disposing of it, is an unwarrantable interference with the absolute right of property already granted, and consequently void.'"

This quotation from *Moody vs. Walker*, 3 *Ark.*, 187, 188, announces a doctrine well supported by the authorities mentioned in it, and by others which we have examined, and its application to the present case would reverse the judgment rendered in the circuit court, by which the plaintiff below, the appellee, by action of detinue, recovered the negroes in suit, as entitled to them under the will of John Pollard, made in Stafford county, Va., in 1789.

The appellant, the defendant below, holds the negroes under Elizabeth Pollard, to whom Hannah, the ancestor of the negroes, was bequeathed in the will mentioned, by the following words: Item. I give and bequeath to my grand daughter, Elizabeth Pollard, one negro girl named Hannah, one bed and furniture, a chest with drawers, large seal skin trunk, and half of my pewter."

And after similar bequests to other grand-children, and to the appellee as one, comes the following clause, upon which rests the claim of the appellee, she being the surviving grand-child, Elizabeth Pollard having died without issue. "It is my desire that if any of my grand-children die without heir, that's heretofore mentioned, that what I've left them shall be equally divided to them living."

It is contended by the appellant that the bequest of Hannah to Elizabeth Pollard, was an absolute gift to her, and that if the latter clause had reference to her death, and not to the death of the testator, it confers no right upon the appellee to the slaves that have sprung from Hannah, as it was an illegal attempt to restrict the enjoyment and devolution of property already given to Elizabeth Pollard, to be used .and to pass as her own. And to this we agree. The words of bequest to Elizabeth Pollard, plainly import an absolute gift, and because the testator attempted to make a subsequent disposition of the same property, it must not be concluded that his intention was to give only a life interest to the first taker, and that such intention must prevail to pass the increase of Hannah to the appellee, the surviving grand child. It is true, in general terms, that the intention of the testator is the rule of construction of his will, but it is not so if the intention were meant, or should operate, if executed, to overthrow, or avoid a legal principle. This is illustrated by the main position of this court in *Moody vs. Walker*, that a limitation of property after an indefinite failure of issue is void, and which has received a recent application in this court, in the case of *Watkins vs. Quarles*, decided at the last term.

The law is equally well settled that to make an executory devise good to a second legatee, the gift to the first taker must be restricted to a life interest, or must be something less than an absolute gift. And this is because it is against the policy of the law that property wholly given away should not be used, enjoyed, and disposed of by the first taker, as if no other person could make any claim to it. That is the effect of the *Attorney General vs. Hall*, 8 *Viner's Abridg.* 103, *p.* 50, generally cited as in *Fitzgibbon's Reports*, and which is often mentioned and relied on in the subsequent cases. It is the doctrine of *Patterson vs. Ellis*, 11 *Wend.* 299; which was a well considered case, and treated in *Moody vs. Walker* as a correct exposition of the law upon this and the other subjects involved in both cases; while *Moody vs. Walker* has become too closely incorpo-

rated into our jurisprudence to be departed from, if we had any doubts of· its correctness upon this point, of which we have none. In *Maulding vs. Scott*, 13 *Ark.* 91, and in *Scull vs. Vaugine*, 15 *Ark.* 702, the same principle was applied, and *Moody vs. Walker* was expressly sustained, and ·the authority of that case is not an open question in this court.

It has not been argued, nor is it perceived by us, that the Virginia statute read in evidence, bears upon the construction of the will of John Pollard, which is the foundation of the claims of both parties. The court of appeals of Virginia has recognized the authority of the cases upon which our construction of the will rests. *Reddick vs. Cohorn*, 4 *Rand.* 551.

This result makes it unnecessary to consider other points argued in this case, and the judgment in this case, and those rendered against William H. Slaughter and Stanton Slaughter, in favor of the ·appellee, upon the ·same facts, must be reversed. The three cases will be sent back to the Phillips Circuit Court to be decided according to law.