STATE v. RED OAK TRUST & SAVINGS BANK.

## Opinion delivered January 12, 1925.

1. DOMICILE—WHEN CHANGE OF RESIDENCE EFFECTED.—To · effect a change of residence or domicile, there must be an actual abandonment of a prior domicile, coupled with an intention not to return to it, and a new domicile acquired by actual residence in another place or jurisdiction, with the intention of making the last acquired residence a permanent home.

2. DOMICILE—INTENT TO ABANDON.—The intent to abandon one's domicile and take up another must be ascertained from all the facts and circumstances.

3. APPEAL AND ERROR—CONCLUSIVENESS OF COURT'S FINDING.—The finding of the circuit court sitting as a jury will not be disturbed if there is any substantial evidence to support it.

4. DOMICILE—ABANDONMENT—EVIDENCE.—Evidence held to: support a finding that decedent had not abandoned his domicile in another State.

Appeal from Pulaski Circuit Court, Second Division; *Richard M. Mann,* Judge; affirmed.

*David A. Gates,* for appellant.

*John W. Newman,* for appellee.

HUMPHREYS, J. The purpose of this suit was to collect an inheritance tax from the estate of C. W. Hine, who died testate, May 16, 1916, leaving as his distributees Mrs. Abbie Hine, his wife and certain collateral heirs. The inheritance tax attorney of the State commenced the proceedings by filing a complaint in the probate court of Pulaski County, to which appellee, representing said estate and distributees, filed an answer admitting inheritance tax liability on the real estate and tangible personal property located in Arkansas, but denying inheritance tax liability on the bank deposits, shares of stock in corporations outside of the State, and promissory notes. The liability upon the latter properties was dependent upon whether C. W. Hine was a resident of the State of Arkansas at the time he died. Appellees denied that C. W. Hine was a resident of the State of Arkansas at the time he died, and this presented the only issue in the case for determination. This issue was

tried in the probate court, and, on appeal, in the Second
Division of the Circuit Court of Pulaski County, upon
an agreed statement of facts, and determined adversely
to the contention of appellant, from which is this appeal.
The agreed statement of facts is as follows:

"The decedent, C. W. Hine, settled in Montgomery
County, Iowa, some time between 1870 and 1880, and
made his home there, and later married, and, on December·
23, 1884, purchased a dwelling-house in said county, and
lived in it continuously from the time of its purchase
until about one year before his death, and at his death
still owned the said property. This dwelling and home
was in the town of Stanton, a village of about six hun-
dred people, in said county, and about six miles east of·
the city of Red Oak. Mr. Hine had business connections
in Stanton and in Red Oak which were never severed
up to the time of his death, and his banking relations
with the First National Bank of Stanton continued to
the time of his death, and on his death all of his person-
alty in said county was in said bank. The last time he
voted it was in Montgomery County, Iowa. In his will,
dated September 23, 1914, he recited that he was a resi-
dent of said county, and he appointed a resident of Mont-
gomery County his executor and trustee. He left his
will in the First National Bank of Stanton, and it was
filed for probate by the cashier of said bank, who was
his friend and business adviser for many years. The
probate court of Montgomery County took original juris-
diction of the estate, and found that his domicile was
in said county.

"On June 9, 1904, Mr. Hine purchased 640 acres of
land in Lonoke County, Arkansas, which he improved
into a cotton farm, and, on September 28, 1906, purchased
190 acres of land in said Lonoke County, and, on Novem-
ber 15, 1915, purchased two lots in the city of Little
Rock, Arkansas, upon which a residence was located.
After the purchase of the land in Lonoke County Mr.
Hine made frequent trips from Iowa to Lonoke, and
spent considerable time in Lonoke attending to his hold-

ings there. Mr. Hine died May 16, 1916, in Chicago, Illinois, where he had gone to attend to business. About a year before his death he and his wife vacated the residence in Stanton, Iowa, and for a short time occupied a residence owned by his wife in Red Oak, Iowa. During the following summer he was in Lonoke, improving his lands, and his wife was visiting in the East. In November, 1915, he purchased a house and two lots in Little Rock, mentioned above, and sold the furniture from the Stanton home, and brought furniture and fitted out the house in Little Rock, and he and Mrs. Hine moved into it in December, 1915, and remained there until his death the following May. At the time of his death, his wife's house in Red Oak, Iowa, was furnished and ready to be occupied during the summer, and his house in Little Rock, Arkansas, was furnished and occupied by Mr. Hine and his wife. Since Mr. Hine's death, Mrs. Hine has continued to live seven or eight months each year at the Little Rock house. During the summer months she was in Iowa. Mr. Hine was buried in Montgomery County, Iowa. In 1922 Mrs Hine rented the Little Rock house, and since then has lived in Iowa.''

Appellant contends that the undisputed evidence reveals that C. W. Hine abandoned his domicile in Montgomery County, Iowa, and established a domicile in Arkansas at the time he sold his furniture at Stanton, Iowa, and purchased and furnished a house in Little Rock into which he and his wife moved some six months before his death. The rule governing a change of residence or domicile, in tax and succession laws, laid down in 9 R. C. L., p. 452, which we think correct, is as follows:

"To effect a change of residence or domicile, there must be an actual abandonment of the first domicile, coupled with an intention not to return to it, and there must be a new domicile acquired by actual residence in another place or jurisdiction, with the intention of making the last-acquired residence a permanent home.''

The intent to abandon one's domicile and take up another must be ascertained from all the facts and cir-

cumstances in any particular case. The issue of residence involved in this case, however, is not before us for a trial *de novo* upon the record, but is here on appeal from a verdict from a circuit court sitting as a jury and a judgment rendered in accordance therewith. The rule is that a verdict and judgment of a law court will not be disturbed if there is any substantial evidence to support it. *St. L. & S. F. R. Co.* v. *Stewart,* 137 Ark. 6. After a careful analysis of the testimony we are unable to agree with learned counsel for appellant that the undisputed evidence reveals that C. W. Hine abandoned his domicile in Mongomery County, in Iowa, and acquired a permanent residence in Arkansas prior to his death. There are facts and circumstances in the record tending to show that he had no such intent. After disposing of his furniture in Stanton, he and his wife moved into a house at Red Oak, a village about six miles distant from Stanton, where they remained for a short time. He did not sell his Stanton home, but owned it at the time of his death. The house at Red Oak, into which he moved after selling his furniture at Stanton, belonged to his wife, and, when they came to Arkansas, it was left furnished and ready to be occupied the following summer by them. He retained his business connections in Stantion and Red Oak, and executed a will on September 23, 1914, in which he recited that he was a resident of Montgomery County, Iowa. In his will he named a resident of Montgomery County as executor, and left the will in the First National Bank of Stanton for safekeeping. The will was probated in that county. His last vote was cast in Montgomery County, Iowa. When Mr. Hine died in Chicago, his remains were carried to Montgomery County, Iowa, for burial, and were interred there.

The facts and circumstances just related are of a substantial nature, and tended to show that C. W. Hine had not changed his domicile from Montgomery County, Iowa, to Little Rock, Arkansas.

No error appearing, the judgment is affirmed.