WILLIAMS v. WILLIAMS.

Opinion delivered February 9, 1925.

1. WILLS—"HEIRS OF HER BODY."—In a devise to testator's wife and to the heirs of her body, the term "heirs of her body" means her children, whether begotten of testator or not.

2. WILLS—EFFECT OF DEVISE.—A devise to "testator's wife and the heirs of her body to and for their absolute use and benefit for her lifetime" conveys to the wife only an estate for life, to be shared with her children, if any.

3. JUDGMENT—EX PARTE PROCEEDING.—A decree in an *ex parte* proceeding on behalf of a testator's widow does not bind the heirs of the testator who were not parties.

Appeal from Sebastian Chancery Court; *J. V. Bourland,* Chancellor; affirmed.

*Hill & Fitzhugh,* for appellant.

The chancellor's holding that the clause of the will providing that the property should be for *their absolute use* and benefit for *her* lifetime limited the grant to a life estate in the widow, with remainder over to such children as might be born, and, on failure of issue, that the property would revert to the heirs of the testator, was erroneous. The property was given to the wife and

unborn children for their joint use during her lifetime.
The absolute fee vested immediately in the mother and
children, and was not a gift to the wife for life with
remainder over to the children.   90 Ala. 131; 98 Ga. 381;
58 N. J. Eq. 166; 99 N. C. 222; 100 Va. 552.   The will in
this case vested the fee in the widow, subject to be opened
up to let in after-born children, if any, and if children
should be born, then the widow and children should share
the property as tenants in common, or, on failure of
issue, the fee vests in the widow.   56 S. E. 473; 3 Pick.
(Mass.) 360; 21 Ala. 682; 7 Lea 207; 35 Ga. 40; 50 N. C.
88; 2 Stran. 1172.   A will will always be construed so as
to avoid intestacy, if the language will permit.   40 Cyc.
1410; 83 N. Y. 170; 7 N. Y. 725.   The presumption is that
the testator disposed of his entire estate and fixed the
channel in which the property should pass.   Life estates
are not favored in law.   There is no reason to believe
that the testator intended to give only a life estate in his
property, or that he was not making final disposition of
his estate.   The collateral heirs of M. A. Williams, if
they ever had any interest in this property, are barred
either by limitations or laches.   In this case there was
litigation in which the defendants agreed that the chan-
cery court might determine the question of the title to
the property.   The court passed upon that question in
March, 1908, and its decree was never appealed from,
the plaintiff holding under said decree since that time.
The term "heirs of her body," as used in the will,
means children and not heirs in its technical sense.   The
words "heirs" or "heirs of her body" are primarily
words of limitation and not of purchase; ordinarily
"children" is a word of purchase and not of limitation.
21 C. J. 931; 2 Underhill on Wills, § 651; 21 Ala. 458; 13
Cyc. L. & P., 660; Devlin on Deeds § 864; Kerr on Real
Property, § 335; Jones on Real Property, § 231.   Fur-
ther, on the question of the legal effect of the will as
vesting an immediate estate in fee on the death of the
testator in the wife, and such children as might then be

in existence, and subject to be opened and let in other children that might be born to her at a later date, see 131 Ind. 381; 91 Ala. 631; 150 Ala. 211; 99 Ala. 60 51 Cal. 352; 52 Ga. 425; 74 Ga. 467; 91 S. C. 300; 3 Baxter 370. A will will not be construed to create an estate tail where any other reasonable construction can be placed thereon. 21 C. J. 923; 260 Fed. 423. If the language of the will does not vest title in fee in Mrs. Williams and her children, then it vests the fee in her alone. 129 Ark. 155; 58 Ark. 303; 141 Ark. 484; 146 Ark. 160.

*Evans & Evans,* for appellee.

The testator was extremely careful to limit his wife's interest in his property to her lifetime. In giving to her and the heirs of her body, he, under the law, gives her a life estate, and passes the fee to her descendants, and, in the event she has no descendants, then the fee would pass to the general heirs of the testator. C. & M. Dig. § 1499; 67 Ark. 517; 72 Ark. 336; 98 Ark. 570; 140 Ark. 109. As a further evidence of the intention of the testator, he says, in the same sentence of the will, and not in a separate paragraph, that the absolute use and benefit of the property for the lifetime of his wife shall be for herself and any persons who, at her death will answer the description of heirs of her body, and that this use and benefit shall be subject only to the payment of his just debts, etc. If, after creating an estate tail at common law, as this will does in Mrs. Williams and the heirs of her body, the will had further provided that the property conveyed should be for the absolute use of Mrs. Williams and the heirs of her body in fee simple forever, this would not enlarge the estate given her into a fee simple estate. 98 Ark. 570; 128 Ark. 149. Of the necessity to construe a will so as to give effect to the intention of the testator, where such construction is consistent with rules of law, see 141 Ark. 484; 143 Ark. 519; 146 Ark. 193; 151 Ark. 189; 153 Ark. 421; 148 Ark. 290; *Id.* 482; 145 Ark. 351; Thompson on Wills, § 236; 256 S. W. 355. Since the complaint shows that no persons have been

born who can enjoy the property during the widow's lifetime, it follows that the will conveys to her the property of the testator for her absolute use and benefit during her lifetime. The fact that no persons have come into being, and that in all probability none will come into being, who can or will take the fee of the estate, cannot enlarge the gift of a life estate into that of a fee simple estate. 112 Ark. 527; 126 Ark. 53. It is true that the term "heirs of her body" or "heirs of the body" is sometimes used in the sense of "children," but, treating it so in this case, that does not help the appellant's contention, for, failing issue, the property must pass at her death to the collateral kindred of Williams. 4 Words & Phrases, 1st series, p. 3269; 72 Ark. 579; 75 Ark. 19; 49 Ark. 125. The clause in the will "to and for their absolute use and benefit for her lifetime" etc., show that the testator only intended that, whatever use or benefit of the property be devised out and to whomsoever he devised, this devise was only to last for the lifetime of Mrs. Williams. 17 R. C. L. 620; 28 R. C. L. 250; 149 Ky. 787, 149 S. W. 1019, L. R. A. 1917B, p. 45. As to the contention that, because there are no children of Mrs. Williams, there are no persons who can take as heirs of her body when she dies, for that reason the life estate created by the language used in the will must be construed as giving her an estate in fee simple, in the language of the Supreme Court of Missouri, "to state that argument is to destroy it." 258 S. W. 699 (Mo.). There may be partial intestacy. A testator may be intestate as to a portion of his property—may be intestate as to the fee in property—and where this appears from the will itself, no presumption against partial intestacy will be allowed to override and control the existing fact. 147 Ark. 568; 158 Iowa 759, 138 N. W. 911, 43 L. R. A. (N. S.) 562. See also, 43 Fed. 854; 145 U. S. 56; 64 Ark. 330; *Id.* 447; 87 Ark. 418; 96 Ark. 451; 105 Ark. 86. The will created no trust relation, and the chancery court of Logan County was wholly without jurisdiction to make the alleged construction of

the will in the *ex parte* proceeding brought by Mrs. Williams.   104 Ark. 444 and authorities cited.

A life tenant cannot hold adversely to the reversioner or to the remainderman.   150 Ark. 607; 148 Ark. 219; 152 Ark. 452.

SMITH, J.   This suit was brought in the chancery court for the Fort Smith District of Sebastian County by Georgia R. Williams, widow of Mathew A. Williams, to confirm her title to certain lots in the city of Fort Smith owned by her husband at the time of his death. The complaint alleges that Mrs. Williams has title to the lots under the will of her husband, and that in an *ex parte* proceeding had in 1908 it was decreed that Mrs. Williams took a present absolute estate under said will. The present suit is an adversary one, the heirs at law of the testator being made parties by the service of process. These heirs appeared and demurred to the amended complaint, and their demurrer was sustained, and, as Mrs. Williams stood upon the sufficiency of the complaint, it was dismissed as being without equity, and she has appealed.

It appears from the allegations of the complaint that, in 1887, M. A. Williams, the then husband of the plaintiff, made a will.   At the time of the execution of this will the testator and his wife had no children, although they had been married to each other for a number of years.   The testator died in 1908, and no children had been born to him and his wife at the time of his death, and no children have been born to his wife since his death, and she has not remarried.

The will reads as follows: "This is the last will and testament of me, Mathew A. Williams, made this the thirtieth day of December, A. D. 1887, in Logan County, Arkansas, as follows:

"I bequeath all my lands, tenements and hereditaments and all household furniture, ready money, securities for money, goods, chattels and all other parts of my real and personal estate and effects whatsoever,

unto my wife, Georgiaann R. Williams, and the heirs of her body, to and for their absolute use and benefit, for her lifetime, subject only to the payment of my just debts, funeral and testamentary expenses and the charge of proving and recording this my last will, and I appoint my said wife executrix of this my last will, and hereby revoke all other wills.

"In witness whereof I hereunto set my hand and seal the day and year above mentioned.

"Signed, sealed, published and acknowledged by the said Mathew A. Williams as and for his last will and testament in the presence of us, who, in his presence and at his request, and in the presence of each other, have subscribed our names hereunto as witnesses thereof.

"M. A. WILLIAMS (Seal)

"J. L. Moffett, W. L. Loving."

On behalf of appellant, Mrs. Williams, it is insisted that the words, "heirs of her body," appearing in the will, meant children, and should be so interpreted. To this proposition we readily assent. It is further insisted that, when so read, the will should be construed as giving to Mrs. Williams, and any children born to her begotten by the testator, or born to her by a subsequent marriage after the testator's death, the fee title, for their joint use during their life, that is, that it was not a devise to the mother for her life, with the remainder over to the children, but was a devise to the mother and her children for their joint use during her life, and that, failing issue born to her, she took the fee title.

The will is a short one, and we have read it many times in an effort to ascertain the meaning of the testator, for we must ascertain his intention from the language which he has employed. As aiding the court in the discharge of this duty, many cases have been cited and discussed in the able and excellent briefs filed by respective counsel. We do not review these cases in this opinion, although they have been very carefully considered by us, as there are points of difference as

well as of similarity between the instruments construed in all these cases.

Certain rules of construction, which have become rules of property, have been called to our attention, and these we have endeavored to follow.

In the case of *Watson* v. *Wolf-Goldman Realty Co.*, 95 Ark. 18, certain rules of construction were announced which are applicable here. It was there said that, in this State, no distinction is made between the meaning of the words "bodily heirs" and "heirs of the body," and that a conveyance to a grantee and his bodily heirs creates a life estate in the grantee, with the remainder in fee simple in his children who survive him and the issue of such as died during his life *per stirpes*. Such is the purport of § 1499, C. & M. Digest. In this opinion it was further decided that the addition of such phrase as "and assigns forever" to the words "bodily heirs" does not add to or take from the estate granted and do not operate to enlarge the estate granted to a fee simple.

Here the devise is to "my wife, Georgiaann R. Williams, and the heirs of her body." If this was all the will said, it is clear, under the case cited and numerous other cases cited in the briefs, that the wife would have taken only an estate for life, with remainder over to the heirs of her body, or her children, but, as no children were born to her, this life estate would expire, failing children, upon her death, and the remainder would pass in fee simple absolute to the heirs at law of the testator.

The will, however, does not end with the words quoted, but these are followed by the words "to and for their absolute use and benefit for her lifetime." Do these last words enlarge the estate devised to the wife to a fee simple, subject to be opened up to let in children born to her who would share this fee simple title with her?

The decision of this question is determinative of the testator's intention, and we do not answer it with the assurance of inerrancy.

We have concluded that only an estate for life was granted to the wife, and even this estate was to be shared by her children during her lifetime, if any were born.

It is argued against this construction that it contravenes the presumption against intestacy, and results in holding that the testator had disposed of nothing more than an estate for the life of his wife. In answer to this contention it may be said (1), that, if there is a partial intestacy, that fact results from a failure of birth of children. There would have been no intestacy had children been born, for they would have taken the fee after the expiration of the life estate of their mother, and this would have been true had a child or children been born to Mrs. Williams by a subsequent marriage; for the testator did not limit the bodily heirs of his wife to those by himself begotten. (2). It may be further said that, while there is a presumption against partial intestacy, this is a mere presumption, to be invoked only when necessary to interpret a will. There may be partial intestacy, notwithstanding there is a presumption to the contrary.

In Thompson on Wills, § 236, it is said: "In jurisdictions where the rule in Shelley's Case has been abolished, a life estate may be created by a gift to one for life, with remainder to his heirs. And even in jurisdictions where this rule prevails, a devise to one for life, and, on his death, to the 'heirs of his body by him begotten,' passes a life estate only to the devisee. Unless modified by some other provision of the will, a life estate only will pass by such expressions as, 'during his life' or 'for the full term of his natural life.' Where the words used show an intention on the part of the testator to give nothing more than a life estate, such estate will be created, especially where the remainder is given to others. If so expressed, a devise may be for life, even though there is no disposition of the fee. In such case the fee becomes a part of the residuary estate, or passes as in case of intestacy. A life estate may be created by a gift of the use, possession, or enjoyment of the real

estate for life; also by a gift for life of the rents, profits, or income. But an unlimited gift of the proceeds of real estate has been held to vest in the beneficiary an absolute estate in the corpus."

Here the devise is to the "absolute use and benefit" of the testator's wife and the heirs of her body for her lifetime, and, whether there be partial intestacy or not, we have concluded that no greater estate was given the wife than one for her life, in any view of this case that may be taken.

As to the *ex parte* proceeding, but little was said in the briefs, and but little need be said by us. This was an *ex parte* proceeding, and did not bind the heirs of the testator who were not parties thereto.

Upon a consideration of the whole case we have concluded that the demurrer to the complaint was properly sustained, and that decree is affirmed.