CONTINENTAL CASUALTY COMPANY *v.* TOLER.

4-3246

Opinion delivered November 13, 1933.

*Cockrill, Armistead & Rector,* for petitioner.

*John L. McClellan, Sam T. & Tom Poe* and *Mc-Donald Poe,* for respondents.

KIRBY, J., (after stating the facts). Petitioner insists that the action of the circuit court in overruling the motion to quash service of summons and retaining jurisdiction of the suit of Floyd against it was erroneous.

We do not agree with this contention, however, holding that insured was entitled to maintain the action filed against the petitioner in the circuit court of Grant County, Arkansas, the county of the residence of insured under the provisions of the statute, §§ 6150-51, Crawford & Moses' Digest, as amended by § 5 of act 493 of 1921; § 5975e, Castle's Supp., 1927, to Crawford & Moses' Digest.

The policy of insurance sued on was a policy of insurance on the life of a human being, as well as a policy of accident insurance within the meaning of said statute, §§ 6150-51, Crawford & Moses' Digest, etc., which expressly allows the beneficiary or his assigns to maintain an action against the insurance company that has taken the risk in the county of the residence of the party whose life was insured, or to maintain an action against such accident insurance company that had taken the risk in the county of the residence of the party insured or in the county where the accident occurred, and that a service upon the Insurance Commissioner as prescribed by law returnable to the court having jurisdiction under this statute shall be good service. *Travelers' Protective Ass'n* v. *Gilbert,* 101 Fed. 846.

The venue statutes relate to both life and accident insurance, and the fact the policy is one providing indemnity against loss of life by accident as well as accidental injury can make no difference whether it be considered one or two policies, since the statutes expressly provide where the suit should be brought in either case, and an action for insurance against injury by disease in the same policy necessarily takes the same venue.

The court did not err in so holding and in overruling the motion to quash service and in retaining jurisdiction; and the petition will be denied. It is so ordered.

SMITH and BUTLER, JJ., dissent.