WILLIAMS *v.* CHAMBERS.

4-4950

Opinion delivered February 21, 1938.

*Paul X. Williams,* for appellants.

*Hill, Fitzhugh & Brizzolara,* for appellees.

HUMPHREYS, J. This suit was brought in the chancery court of the Fort Smith District of Sebastian county by appellants against appellees to construe the will of M. A. Williams, deceased, as meaning that the language of the will vested only a life estate in the testator's real and personal property in his wife, Georgianne R. Williams, and the heirs of her body and, there being no heirs of her body, that the corpus of the real and personal property vested in the collateral heirs of the testator. It was alleged that Georgianne R. Williams devised and bequeathed the property, of the value of about $8,000 to the appellees herein, although she only owned a life estate therein, and that Wendall Chambers, administrator with the will annexed of the estate of Georgianne R. Williams, has taken possession of the property claiming title thereto under the terms of the probated will of Georgianne R. Williams.

The prayer of the complaint was that the administrator of the estate of Georgianne R. Williams be di-

rected to surrender the possession of said properties to the administrator of the estate of M. A. Williams, deceased. Wendall Chambers, administrator, filed a demurrer to the complaint of appellants as follows:

"Comes Wendall Chambers and states that he is the duly appointed, qualified and acting administrator with the will annexed of the estate of the above mentioned Mrs. Georgianne Rebecca Williams and demurs to all that part of plaintiff's complaint wherein the plaintiffs seek to recover money, personal property and choses in action alleged to have been owned by M. A. Williams, deceased, former husband of said Mrs. Georgianne Rebecca Williams, and for cause of demurrer says that that part of said complaint seeking to recover said personal property, money and choses in action does not state a cause of action."

The chancery court sustained the demurrer and dismissed the complaint of appellants for the want of equity, to which action of the court appellants excepted, refused to plead further and prayed and were granted an appeal to this court. The will involved on this appeal is short and reads as follows:

"This is the last will and testament of me, Mathew A. Williams, made this the 30th day of December, A. D. 1887, in Logan county, state of Arkansas, as follows:

"I bequeath all my lands, tenements and hereditaments and all household furniture, ready money, securities for money, goods, chattels and all other parts of my real and personal estate and effects whatsoever unto my wife, Georgianne R. Williams, and the heirs of her body to and for their absolute use and benefit for her lifetime subject only to the payment of my just debts, funeral and testamentary expenses and the charge of proving and recording this, my will, and I appoint my said wife executrix of this my will and hereby revoke all other wills, in witness whereof I hereunto set my hand and seal the year and day above mentioned, signed, sealed, published and acknowledged by the said Mathew A. Williams as and for his last will and testament in the presence of us who in his presence and at his request

and in the presence of each other have subscribed our names hereunto as witnesses thereof.

"M. A. Williams.

Seal

"J. L. Moffett
"W. L. Loving."

The only question to be determined upon this appeal is were the properties devised and bequeathed by the testator to his wife and heirs of her body in fee or for life only. This will was before us for construction in the case of *Williams* v. *Williams*, 167 Ark. 348, 268 S. W. 364. This court in that case said, in substance: "If the devise had been to his wife, Georgianne R. Williams and the heirs of her body" it is clear that under the case of *Watson* v. *Wolff-Goldman Realty Co.*, 95 Ark. 18, 128 S. W. 581, Ann. Cas. 1912A, 540, and numerous other cases that the wife would have taken only a life estate, with remainder over to the heirs of her body, or her children, but, as no children were born to her, this life estate would expire, failing children, upon her death, and the remainder would pass in fee simple absolute to the heirs-at-law of the testator." And this court further said: "The will, however, does not end with the words quoted above, but these are followed by the words "to and for their absolute use and benefit for her lifetime." Then this court, in answer to the question of whether the last quoted words enlarge the estate devised to the wife to a fee simple, subject to be opened up to let in children born to her who would share the fee simple title with her, said "We have concluded that only an estate for life was granted to the wife, and even his estate was to be shared by her children during her lifetime if any were born." Appellees argue that this conclusion was reached by the court on the ground that the devise was an estate tail. This court could not have reached such conclusion on the ground that the devise was an estate tail because in that event the children of her body could not have shared the life estate of the devisee with her. Their only interest in the estate would have been a remainder. This court, in

construing the will, based its decision on the intent of the testator, evinced by all the language used by him in making the devise or bequest rather than upon the technical meaning of the words "to his wife and the heirs of her body." All the language used in the devise or bequest was taken into account by this court in concluding that the testator intended to devise or bequeath a life estate in the properties to his wife and the children of her body, if children should be born to her.

It is true that real estate only was involved in the case of *Williams* v. *Williams, supra,* but that does not in any way change the rule applicable to the personal property bequeathed by M. A. Williams to his wife, Georgianne R. Williams, because the devise of the real estate and personal property was couched in the same language. Both real and personal property were included in the same clause which is as follows: "I bequeath all my lands, tenements and hereditaments and all household furniture, ready money, security for money, goods, chattels and all other parts of my real and personal estate and effects whatsoever unto my wife Georgianne R. Williams and the heirs of her body to and for their absolute use and benefit for her lifetime. . . ." There is nothing in this language to indicate that the testator intended to devise and bequeath a different estate in the real estate and personal property. The same intent on his part governed the disposition of both the real estate and personal property.

As we understand the law, a life estate only in personal property may be bequeathed by a testator, if the intention to do so is clearly expressed by the language used.

On account of the error indicated, the judgment is reversed, and the cause is remanded with directions to overrule the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.