PICKERING v. LOOMIS, TRUSTEE.

4-5747                                             135 S. W. 2d 833

Opinion delivered January 22, 1940.

*Harry L. Griffin,* for appellant.

*J. B. Reed,* for appellee.

BAKER, J.   The plaintiff in this case is an appointee of a district court of Montgomery county, Iowa.   He is a trustee succeeding Red Oak Trust & Savings Bank designated as such under will of C. W. Hine, known as Dr. Hine, a former resident of the county mentioned. Dr. Hine died testate, May 16, 1916.   His will seems to have been duly probated and recorded.   It has become necessary to construe a portion of the will as affecting certain real property in Lonoke, Lonoke county.   The property is described as lots 3, 4, 5, and 6 of Hicks & Reynolds survey of the town of Lonoke.

It appears from the record the trustee has contracted to sell said property at a price conceded to be reasonable and one that seems so from the evidence.

The trial court decided the issues submitted according to the trustee's contention that he had power to sell, and from that decision minor defendants, Betty Jane Kurtz, Ann Hine Kurtz, and Richard Porter Kurtz, by their guardian *ad litem* have appealed.

A copy of the will is set out so that the sole question presented for our consideration may be determined from an examination of the questioned portion when read with the whole instrument.

"I, C. W. Hine, of Red Oak, Iowa, being of sound and disposing mind and memory, do hereby make, publish and declare this to be my last will and testament, hereby revoking any and every will and testament at any time heretofore by me at any time made.

"Par. 1. I direct that all my funeral expenses and just debts be first paid out of my estate.

"Par. 2. I hereby appoint the Red Oak Trust & Savings Bank of Red Oak, Iowa, executor and trustee of my estate, and direct that the court approve said appointment, to carry out the provisions of this instrument as herein provided.

"Par. 3. I give, devise, and bequeath to the said Red Oak Trust & Savings Bank, but in trust only, and to be conserved and disbursed by it as hereinafter directed, all my property, real, personal, and mixed, wherever situated.

"Par. 4. To my wife, Abbie A. Hine, if she survives me, in lieu of all dower, I give, devise, and bequeath all the income, interest, and dividends arising from all my estate during her lifetime, payable to her semi-annually or as she may require it.

"Par. 5. On the death of my said wife, Abbie A. Hine, then to the following persons or the ones thereof surviving, viz: my brother, James Wallace Hine; my nephew, Charles Hine, son of my brother, John H. Hine; my nieces, Hester E. Dietz, Mary R. Dunbar, Fannie H. Pickering, Abbie Porter, and Lillian L. Porter, all being daughters of my sister, Anna Porter, deceased, I give, devise, and bequeath share and share alike, all the income, interest, and dividends arising from all of my estate during the lifetime of my said brother, James Wallace Hine.

"Par. 6. On the death of my said brother, James Wallace Hine, then I give, devise, and bequeath, 1st, to

my said nephew, Charles Hine, all the interest, income and dividends arising during his lifetime from one-eighth of all my estate; 2nd, to my said niece, Hester E. Dietz, all the interest, income, and dividends arising during her lifetime from one-eighth of all my estate; . . . 5th, to my said niece, Abbie Porter, all the interest, income, and dividends arising during her lifetime from one-eighth of all my estate; 6th, to my said niece, Lillian L. Porter, all the interest, income, and dividends arising during her lifetime from one-eighth of all my estate; 7th, to my said niece, Daisy Van Vleck, all the interest, income, and dividends arising during her lifetime from one-eighth of all my estate; 8th, to my said niece, Rose Stickler, all the interest, income, and dividends arising during her lifetime from one-eighth of all my estate. (The said Daisy Van Vleck and Rose Stickler being daughters of my said brother, James Wallace Hine.)

"Par. 7. Subject to the life estate therein as above set forth I give, devise, and bequeath all the balance, residue, and remainder of my estate as follows, to-wit: To the children of said Charles Hine living at the time of his death one-eighth (1/8); to the children of said Hester E. Dietz living at the time of her death one-eighth (1/8); to the children of Mary R. Dunbar living at the time of her death one-eighth (1/8); to the children of Fannie H. Pickering living at the time of her death one-eighth (1/8); to the children of the said Abbie I. Porter living at the time of her death one-eighth (1/8); to the children of the said Lillian L. Porter living at the time of her death one-eighth (1/8); to the children of the said Daisy Van Vleck living at the time of her death one-eighth (1/8); to the children of the said Rose Stickler living at the time of her death one-eighth (1/8); said bequests herein made shall be paid on the death of said parents, respectively, of said children.

"Par. 8. In the event the said Charles Hine or Hester E. Dietz, or Mary Dunbar, or Fannie H. Pickering, or Abbie Porter, or Lillian L. Porter, or Daisy Van Vleck, or Rose Stickler should die leaving no living children him or her surviving, then the one-eighth (1/8)

share of all my estate given, devised, and bequeathed or sought to be given, devised, and bequeathed to the children of said persons, respectively, named above in the paragraph, and in paragraph 7 above hereof I hereby give, devise, and bequeath to the then living children of the person or persons named in this paragraph, and in paragraph 7 above hereof, to be divided between them share and share alike.

"Par. 9. If any of my nephews or nieces become destitute or in need of assistance during the lifetime of my said wife, Abbie A. Hine, then I request of my said wife that she assist them according to her means as she deems just and charitable.

"Dated at Red Oak, Iowa, this 23rd day of September, 1914."

Without checking the names of all the parties sued as defendants, we accept statement of counsel for both parties that every one who might possibly be interested, even contingent remaindermen, has been made a party and service of process has been duly obtained.

The trial court was asked to interpret paragraph 3 of the will. This part of the will gives, devises, and bequeaths to the trustee as such, "all my property, real, personal, and mixed wherever situated." But this grant is "in trust only, and to be conserved and disbursed by it as hereinafter directed."

It is the contention and argument of appellants that a sale of the Lonoke property is inconsistent with the imposed duty "to conserve," and that the trustee may not, therefore, sell at all. This is the sole question for decision.

Following this theory it is insisted that under the provisions of the will the duties of the trustee were confined to "interest, income, and dividends arising from my estate," and that lands of the kind in question were vested in the remaindermen without aid of, and free from the interference by, the trustee under provisions of paragraphs 7 and 8 of the will. When the entire

instrument is given consideration, this theory is found not tenable. Paragraph 3, the one questioned, conclusively and unmistakably grants to the trustee all property, real, personal, and mixed, wherever situated. This included not only title to the Lonoke property, but rents and income therefrom.

We have observed that a large part of this instrument provides for a disposition of income, interest, and dividends, but we find no provision transferring any piece of real property to any one except the trustee. We conclude the estate was intended to be regarded as an income producing unit until such time as was provided for disposition of the corpus.

The evidence tendered was not voluminous, and effect thereof may be encompassed in a short statement.

The testator in the will identified himself as "I, C. W. Hine, of Red Oak, Iowa."

The determination of the place of his residence was once before this court for decision. *State* v. *Red Oak Trust & Savings Bank,* 167 Ark. 234, 267 S. W. 566. The will was probated in that state and the trustee named served for a time as is indicated by the suit just mentioned. An exhibit to the complaint is an order of the district court of Montgomery county, Iowa, wherein is recited a finding that the real estate in question is nonproductive, is deteriorating in value, and for the purpose of preserving the corpus of the trust should be sold and that the proposed sale is advantageous, etc. A witness who acquired information in regard to said property by living in the only house on the property for several years and near it since that time states the house is in a very bad condition, not habitable although extensively repaired seven or eight years ago at an expense of about $700. The witness moved from the building because of the bad state of repairs.

In the consideration of the language of the will ordinarily there could be little if any doubt about the intention of the testator. To make certain, we follow

one of the cardinal rules long recognized as a proper guide.

In ascertaining the intention of the testator from the language of the will it must be considered in the light of the circumstances under which it was made. *Bloom* v. *Strauss*, 73 Ark. 56, 84 S. W. 511; *Booe* v. *Vinson*, 104 Ark. 439, 149 S. W. 524; *Carr* v. *Crain*, 7 Ark. 241, 251.

Although the intention of the testator must be gathered from the will itself as declared in *Eagle* v. *Oldham*, 116 Ark. 565, 174 S. W. 1176, the rule for the construction of wills is to give effect to what appears to be the intention of the testator in view of the provisions of the will. *Cook* v. *Worthington*, 116 Ark. 328, 173 S. W. 395; *Webb* v. *Webb*, 111 Ark. 54, 163 S. W. 1167. Numerous other authorities to the same effect, and some of them much more recent might be cited, but this is not necessary.

When the intention of the testator is ascertained it must govern unless it contravenes some rule of the law. *Gregory* v. *Welch*, 90 Ark. 152, 118 S. W. 404; *Slaughter* v. *Slaughter*, 23 Ark. 356, 79 Am. Dec. 111; *Campbell* v. *Campbell*, 13 Ark. 513.

These authorities, hallowed with age, show the early recognition of the right of the testator to make such disposition of his property as he may desire so long as there is no hindering statute or policy. Since that right has not been abridged by any recent statute or decision, we prefer those revered by long and continued observance.

We think appellants are in error in their insistance that the language of the will prevents a sale of the real estate. True, the expression is "to be conserved and disbursed by it as hereinafter directed."

There are several powerful controlling reasons why the direction to "conserve" does not mean to keep or retain in kind as may have been delivered to the trustee. Paragraphs 4, 5, and 6 dispose of interest, income, and dividends only. Interest accrues from money loaned and dividends arise from capital stock in corporations, and

income probably means, as distinguished from the other two, rents from real property.

We have already observed the testator did not devise a single tract of land to any one except the trustee. His provision for his wife, his first care, (paragraph 4) was, "all the income, interest, and dividends, payable semi-annually or as she might require it." Paragraphs 5 and 6 deal with the same items, "interest, income, and dividends." So we see the testator was considering his estate as an income producing unit and not regarding the particular or separate articles as parcels that made up that estate. "To conserve" it, therefore, was to "conserve" the value by collecting the notes, renewing them when necessary, and maybe, when found to be proper, by disposing of stocks or bonds that might prove non-productive.

This might be conceded without admitting the right to sell real estate. See Thompson on Wills (2d Ed.) § 559.

In the instant case the trustee has title to the property with a duty to conserve it. He may not take liquid assets and convert them into improvements or repairs on non-income producing real estate. May he use such funds to pay taxes over a long period under conditions which hold no promise of a return in rents—income? All the profits that might become accretions to the estate are disposed of by the will (paragraphs 4, 5, and 6).

The same provision of the will that gave the trustee, as such, title to all personal property also conveyed by devise the real property. We had a very similar proposition in the matter of a will made by Mr. M. A. Williams in 1887. It was decided in *Williams* v. *Williams*, 167 Ark. 348, 268 S. W. 364, that Mrs. Williams took only a life estate in the realty. Again, the same language constituting the devise was construed in its relation to the personal property. Accordingly it was held that Mrs. Williams' interest in the personalty was measured by the same rule that controlled as to real estate. She took a life estate only, or the right to interest

or income therefrom. *Chambers, Adm'r* v. *Williams, Adm'r, ante* p. 40, 132 S. W. 2d 654.

It will be noticed that we attempted to give effect to the intention of the testator as expressed in the Williams will. The language that conveyed a life estate in the realty, conveyed a similar estate in the personalty.

So here, we find the testator creating a testamentary trust devising and bequeathing all his property to the trustee. By a comparison with the Williams cases cited, we are impelled to say that if will was efficacious to transmit title of one class of property it was no less so as to the other.

The trustee must be deemed to possess or be able to exercise such powers as are necessary for the purposes of the trust. There are no words expressly empowering a sale of any of the property, but such power will be implied when a sale may be necessary to prevent loss, or the trustee to comply with the other provisions of the will. Such was the holding of this court in *Heiseman* v. *Lowenstein*, 113 Ark. 404, 169 S. W. 224, Ann. Cas. 1916C 601.

In the case at bar the provision of the will is for "disbursement" of property as if it were all money, and not for distribution in kind. It could not be disbursed without first reducing it to money or liquid equivalents acceptable to those interested.

Following the same course of reasoning the last cited case was quoted from and followed by us quite recently. *Hoyle* v. *Baddour*, 193 Ark. 233, 98 S. W. 2d 959. It was there held that the trustee should use ordinary and natural means to obtain the desired result.

As we understand these authorities, there must always be deemed authority and power to perform the trust; the trustee acting just as ordinarily good business men manage their own affairs under similar conditions.

The conclusion is that the trial court's decree is without error.

Affirmed.