MUTUAL BENEFIT HEALTH & ACCIDENT ASSOCIATION v. KINCANNON, JUDGE.

4-6578                              155 S. W. 2d 687

Opinion delivered November 3, 1941.

*Pryor & Pryor,* for petitioner. ·

*H. S. Dunn* and *Chas. I. Evans,* for respondent.

GRIFFIN SMITH, C. J. Petitioner insurance company asks that we prohibit the Logan circuit court from entertaining jurisdiction in respect of a cause wherein C. N. Fringos, a policyholder, seeks judgment under a provision allowing compensation for sickness. The writ should be issued, it is said, because Fringos, a resident of Texarkana, Arkansas, became disabled April 7, 1941, as a result of pulmonary tuberculosis, and was at that time taken to State Sanatorium at Booneville.

Suit was filed July 16. Summons was served on the insurance commissioner at Little Rock. Another summons was served on A. O. Barlow, described as agent for Mutual Benefit Health & Accident Association in Logan county. The return recites that Barlow ". . . is in charge of the agency of said defendant in the Southern district of Logan county."

Coupled with the allegation that Fringos was a citizen and resident of Texarkana was the assertion that the Logan circuit court was without jurisdiction of the subject-matter or the person of the defendant.

There was attached to the motion to dismiss a list containing the names of thirty persons who from 1937 to June 22, 1941, had been sent to the sanatorium by order of the Miller county court under authority of §§ 12616 and 12617 of Pope's Digest.[1] The statute referred to make provision for a charge against the county of half the maintenance cost; and, as emphasized by petitioner, the term "patients [of the] county" is used.[2] A certificate of the Miller county judge, attesting that Fringos was a resident of that county, is dated June 30, 1941, more than two months after the patient was sent to the sanatorium.

*Metropolitan Life Insurance Co.* v. *Baker,* 197 Ark. 61, 122 S. W. 2d 951, is cited by petitioner as authority for the assertion that the court is without jurisdiction.

---

[1] Act June 1, 1911, p. 423.

[2] Act 266, approved March 26, 1941, subdivision B, § 4, conditionally sets aside $300,000 annually ". . . to the county tuberculosis fund to be used as a substitute for county appropriations for the state tuberculosis sanatorium for the benefit of indigent needy tuberculosis patients."

In that case May Bell Baker, as beneficiary, sued in Crawford county on a policy issued to her husband, who just prior to his death resided in Franklin county. The assured died in Sebastian county. After citing § 7675 of Pope's Digest, the opinion holds that the statute localizes the action, providing that it may be brought in the county where the beneficiary resided or where the insured died. It was then said that since Baker lived in Franklin county and died in Sebastian county, the Crawford circuit court, under § 7675 of Pope's Digest, had no jurisdiction. "We are of opinion," the court said, "that suits of this character must be brought in the county where the assured lived, or where he died."

Section 7715, Pope's Digest, allows the beneficiary under a policy of accident insurance to sue in the county where the insured resides or in the county where the accident occurs. Jurisdiction of the defendant is acquired by service upon an agent in any county in the state, or upon the insurance commissioner. The statute refers to "accident insurance," but does not mention disability occasioned by sickness. In *Continental Casualty Co.* v. *Toler,* 188 Ark. 139, 64 S. W. 2d 322, prohibition was denied when it was sought to halt the suit of O. L. Floyd, instituted in Grant county, where the plaintiff resided. The policy afforded indemnity against accidental bodily injury, and, in addition, provided indemnity for accidental death. The suit was one to recover ". . . for gross damages for breach of the contract." The statute, by its express terms, applies to *accident* insurance; but the court's holding (two of the judges dissenting) was that ". . . an action for insurance against injury by disease in the same policy necessarily takes the same venue."

Section 7676 of Pope's Digest makes all provisions of laws applicable to life, fire, marine, inland, lightning, or tornado companies apply to all insurance companies transacting any kind of business within the state. Section 1369 of Pope's Digest, which appears under "Civil Procedure" at page 609, provides how service may be had on all foreign and domestic corporations that maintain a branch office or place of business.

The holding in *Grovey* v. *Washington National Insurance Co.,*[3] 196 Ark. 697, 119 S. W. 2d 503, is that service may be had on foreign insurance corporations through summons served on a soliciting agent residing in the county where the suit is filed. In *Pacific Mutual Life Insurance Company* v. *Henry*, 188 Ark. 262, 65 S. W. 2d 32, the holding is (quoting a headnote) that "Under Crawford & Moses' Digest, §§ 1151, 1152,[4] service of summons on a foreign insurance company's general agent for service in Pulaski county [gave] jurisdiction to the court in another county where the company had a local agent."

In *Scottish Union & Nat'l Ins. Co.* v. *Hutchins*, 188 Ark. 533, 66 S. W. 2d 616, we said: "Service was had on a local agent of petitioner in Forrest City, and it is further contended that the service was bad because not on the designated agent. This contention was ruled adversely to petitioner in the recent case of *Pacific Mutual Life Ins. Co.* v. *Henry*."

It is our further view that there is no *prima facie* showing that Fringos did not intend to change his residence. While it is true the county judge certified the insured as a resident of Miller county in April, it is equally true that on March 26, preceding, Act 266 of 1941 relieved counties of the obligation of paying maintenance accounts for tuberculous patients, and the certificate of the judge sheds no lights on Fringos' intentions as to residence after leaving Texarkana. His wife moved with their child to Fort Smith and secured employment. A great deal of Fringos' time is spent in bed, under a doctor's directions, and if recovery is effected at all, the process may require months or years. There is nothing in the record, other than the fact that he formerly lived at Texarkana, to indicate that he regards Miller county as his home. His intention in that respect would govern. That man has an absolute right to change place of abode for any reason was decided in *McGill* v. *Miller*, 183 Ark. 585, 37 S. W. 2d 689, and reaffirmed in *Shephard* v. *Hopson*, 191 Ark. 284, 86 S. W. 2d 30. In re *Deans*, 208 F. 1018 affirmed (1916) *U. S.* v. *Deans*, 230 F. 957,

---

[3] Page 698, Arkansas Reports; p. 504, Southwestern Reporter.
[4] Pope's Digest, §§ 1368, 1369.

1132

145 C. C. A. 151, there is the holding that residence is a matter of intention. On the other hand, the intent of one to abandon his domicile and take up another must be ascertained from all facts and circumstances. *State* v. *Red Oak Trust & Savings Bank,* 167 Ark. 234, 267 S. W. 566.

In the complaint there is the allegation that ". . . plaintiff is now residing in the Southern district of Logan county."

In view of the circumstances compelling plaintiff's removal from Texarkana; the fact that his wife has been employed at Fort Smith; and the indeterminate nature of plaintiff's tenure at State Sanatorium, the court, on the face of the record, was not without jurisdiction. If at trial it should be shown by appropriate proof that plaintiff's claimed residence in Logan county is without merit, the trial judge will no doubt take notice of such evidence and be guided accordingly.

Our holding now is that a proper showing for prohibition has not been made.

Writ denied.