St. L., I. M. & S. Railway Co. vs. Barnes et al.

2 PLEADING AND PRACTICE: Judgment on demurrer to complaint

---

St. L., I. M. & S. Railway Co. vs. Barnes et al.

35    95
61   253
61  .610
62   145
62   202
35    95
70    73

1. PRACTICE: *Appearance: What sufficient.*
   An appearance of a defendant by an attorney and consenting to a continuance of the cause, is a substantial act, and dispenses with the service of process.

2. JUSTICES OF THE PEACE: *Presumptions as to their judgments.*
   It is the duty of a justice of the peace to have an account sued on, proved before rendering judgment on it, and in the absence of an affirmation showing to the contrary, it will be presumed that he did so.

3. SAME: *Their judgment without evidence not void.*

A judgment rendered by a justice of the peace without evidence, is not void or so irregular as to be quashable upon *certiorari*. The error should be corrected by appeal.

· 4. CERTIORARI: *Practice on.*

The statute (*Gantt's Dig., sec.* 1196,) does not enlarge the writ of *certiorari* into an appeal or writ of error for the correction of mere errors in judicial proceedings. The practice is still to affirm or quash the judgment on the trial of the *certiorari*.

APPEAL from *Nevada* Circuit Court.

Hon. —— ——, —— ——.

*J. M. Moore,* for appellant.

*Smoote & McRae, contra.*

ENGLISH, C. J.  The St. Louis, Iron Mountain and Southern Railway Co. applied to the circuit court of Nevada county for a *certiorari* to bring up and quash a judgment rendered against said road by Daniel O'Leary, a justice of the peace of said county, in favor of R. J. Barnes, upon an open account. The writ was awarded, with temporary supersedeas; returned by the justice with a certified transcript of the proceedings and judgment before him in the suit referred to in the writ; and on the hearing the court refused to quash the judgment, and in effect affirmed it, by dissolving the temporary supersedeas, and ordering a *procedendo* to the justice of the peace; and the railway company appealed to this court.

In the petition two grounds were suggested for the quashal of the judgment: First, that there was no valid service of the summons in the suit upon appellant; and second, that the justice rendered the judgment on default, without proof of the account sued on.

I.  The summons was issued on the seventeenth, return-

St. L., I. M. & S. Railway Co. vs. Barnes et al.

able the thirtieth of August, 1876. It was directed to any sheriff or constable of Nevada county, and a return inclosed after the style of the case as follows:

"I executed the within by leaving with H. Riley, railroad agent at Prescott, a true copy, this, August 17, 1876.
　　　　　　　　　　　　　　　"W. B. White, D. S."

The writ was perhaps served by a deputy sheriff (*Gantt's Dig., sec. 3727*) who failed to sign the name of his principal, as he should have done.

In suits against railway companies for damages to persons or property, under the act of the third of February, 1875 (*Acts of 1875, p. 133*), a summons may be executed by serving a copy thereof "on any agent of the railroad company sued, at any depot house in the county where suit is brought." *Sec. 6 of the Act.*

The suit in this case was not for damages to person or property, but for the value of timber furnished the company. For mode of service in other suits see *Gantt's Dig., secs. 4515–4520.*

The return of service in this case was defective. *Cairo and F. R. R. Co. v. Trout, 32 Ark., 17. Sec. 4415 Gantt's Dig.* was amended by acts of March 9, 1872. See *Acts of 1877, p. 59.*

But the transcript of the justice shows that on the return day of the summons the plaintiff (Barnes) appeared, "and the defendant by E. A. Warren, attorney, and asked that the cause be continued until the eleventh day of September, 1876."

The appearance of the defendant by attorney, and consenting to a continuance of the cause, was a substantive act, dispensing with the service of process. *Rogers v. Conway, 4 Ark., 70; State Bank v. Walker, 14 Ark., 235.*

[1] Practice: Appearance: What sufficient.

7

In *Kimball et al. v. Merrick, 20 Ark., 12*, there was a recital in an entry made by the clerk, that Merrick, who had not been served with process, and who was a non-resident, appeared, but there was no entry in term showing that he did any substantive act, and hence it was held that there was no waiver of service of process.

II.   The statute provides that where the plaintiff's claim is not founded on a written instrument purporting to have been executed by defendant, and the defendant does not appear, the justice shall proceed to hear the allegations and proofs of the plaintiff, and shall render judgment thereon for the amount to which he shows himself entitled, not exceeding the amount claimed in the action.   *Gantt's Dig., secs. 375-8.*

The statute requires every justice of the peace to keep a docket, in which shall be entered in continuous order, with the proper date, each act done:   First, the title of each cause; second, a brief statement of the nature of the plaintiff's demands, and the defendant's set-off (if any), giving dates to each, where dates exist; third, the issuing of the process and the return thereon; fourth, the appearance of the respective parties; fifth, every adjournment, stating at whose instance and for what time; sixth, the trial, and whether by the justice or a jury; seventh, the verdict and judgment; eighth, the execution, to whom delivered, and the amount of debt, damages and costs indorsed thereon; ninth, the giving of a transcript for filing in the clerk's office, or for set-off, if one is given; tenth, a note of all motions made, and whether refused or granted; eleventh, an itemized statement of all the costs in the case.   *Gantt's Dig., sec. 3723.*

These docket entries are *quasi* records, and when properly certified, are evidence in the courts.  *Ib., sec. 2447.*

St. L., I. M. & S. Railway Co. vs. Barnes et al..

On the eleventh of September, 1876, the day to which the parties, by agreement, had continued the cause, the justice made this entry:

"Having waited three hours for defendant, and it came not, but made default.

"This action is founded on an account (shown to be on file) for $183.36.

"It is therefore by me considered and adjudged that plaintiff have and recover of said defendant the sum of $183.36 for his debt, and the sum of $3.50 for his damages, and all his costs," etc., etc.

It does not appear that plaintiff's account was proved, nor does it affirmatively appear that it was not. Nor was the justice required by the statute to note the proof on his docket, if any was made.

The jurisdiction of the justice of the cause of action and the parties affirmatively appears. It was plainly his duty by the statute to have the account proved before rendering judgment, and the presumption of law is, in the absence of an affirmative showing to the contrary, that he did his duty. *Haynes et al. v. Butler, 30 Ark., 72; Stewart v. Houston, 25 ib., 311.*

2. JUSTICES OF THE PEACE: Presumptions as to their judgments.

But if the justice rendered judgment without evidence, the judgment was not therefore, void, or so irregular as to make it quashable on *certiorari*. The error should have been corrected on appeal. *Allston, ex parte, 17 Ark., 580; Hill v. Steele, ib., 440.*

3. ———: Their judgments without evidence, not void.

The statute (*Gantt's Dig., sec. 1196,*) enlarging the office of a writ of *certiorari*, does not so enlarge it, we think, as to make it answer the ends of an appeal or writ of error, for the correction of mere errors in judicial proceedings. The practice is still to quash or affirm the judgment on the hearing of the *certiorari*, and not to try the cause anew, as

4. CERTIORARI: Practice on.

on appeal from an inferior to the circuit court, or to reverse and remand for a new trial as on appeal, or writ of error, from the circuit court to this court.

Where it appears that a justice of the peace has jurisdiction of the parties, and the cause of action, and renders a judgment, it would be bad practice to quash such judgment on *certiorari* for mere errors or irregularities.

Affirmed.