ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY *v.* JAMES.

Opinion delivered April 26, 1902.

RAILROAD—STOCK-KILLING—VENUE.—Proof that a mule was killed by defendant's train between the county seat and a town judicially known to be in the county of the venue sufficiently establishes that the killing was done in the county.

Appeal from Conway Circuit Court.

WILLIAM L. MOOSE, Judge.

Affirmed.

STATEMENT BY THE COURT.

This is an action brought by Henry James against the St. Louis, Iron Mountain & Southern Railway Company before a justice of the peace of Conway county. The plaintiff for cause of action alleged that the defendant company, while operating its road, "negligently ran over and killed a certain mule, the property of plaintiff and of the value of $100." Whereupon he asked judgment for that amount. The plaintiff recovered a judgment, and the defendant appealed to the circuit court. On the trial in the circuit court the plaintiff again recovered judgment for the sum of $75, and the company appealed.

*Dodge & Johnson,* for appellant.

The uncontradicted evidence of the engineer that he used all means in his power to avoid the accident is sufficient to rebut the *prima facie* case of negligence arising from the killing. 66 Ark. 439; 53 Ark. 96; 62 Ark. 182; 43 Ark. 222; 14 Am. & Eng. R. Cas. (N. S.), 34 *ib.* 30; 83 Ga. 393; 67 Ark. 514.

*C. C. Reid,* for appellee.

There was legal evidence upon which to base the verdict, and it will not be set aside. 67 Ark. 514; 53 Ark. 96. The company must affirmatively show a constant lookout. 62 Ark. 182; 57 Ark. 192. The engineer's mere statement that he "did all he could" to prevent the accident, without specifying what he did, does not rebut the presumption of negligence. 45 Ark. 495; Sand. & H. Dig., § 6207; 62 Ark. 182; 43 Ark. 225; 57 Ark. 192; 53 Ark. 96. Where there is any competent evidence on which to base the verdict of a jury, it will not be set aside. 51 Ark. 467; 48 Ark. 495; 46 Ark. 430; 57 Ark. 577.

Riddick, J., (after stating the facts.) This is an appeal from a judgment rendered by the Conway circuit court against the defendant railway company for damages caused by the killing of a mule owned by the plaintiff. The only question raised on the appeal is that the evidence does not show that the court had jurisdiction. The statute requires that actions against railway companies for injuries to stock by trains shall be brought in the county where the injury occurred. Sand. & H. Dig., § 6322. And defendant contends that the evidence does not show that this mule was killed in Conway county. But we are of the opinion that this contention must be overruled. The witness who testified that the mule was killed by the train, in describing the place of the accident, said that the mule was killed in a culvert "this side of Germantown." Now, we can take judicial notice of the fact that Germantown is a village in Conway county on the line of railway shown to have been operated by the defendant. As the case was tried by the Conway circuit court, we know that the witness while testifying was at Morrilton, the county seat of that county. His statement that the mule was killed at a culvert "this side of Germantown" showed that the injury occurred at a point between Morriltown and Germantown, which must have been in Conway county, as both of these points are in that county.

Judgment affirmed.