MUTUAL BENEFIT HEALTH & ACCIDENT ASSOCIATION *v.*
MOORE.

4-5130

Opinion delivered June 27, 1938.

*Pryor & Pryor,* for appellant.

*Partain & Agee,* for appellee.

BAKER, J. The appeal in this case is from a judgment rendered against Mutual Benefit Health & Accident Association, the appellant, hereinafter referred to as such or as the insurance company, in favor of John James

Moore, the appellee, who will in like manner be designated as the appellee, or Moore. The following questions are presented upon appeal:

1. The appellant filed motion to quash the service of summons, alleging that service was not had upon it as required by the laws of the state of Arkansas; that service was not had upon its agent for service as required by the laws of the state of Arkansas.

2. That the plaintiff resided in Sebastian county, Arkansas, at the time the loss occurred and when the suit was filed; that he never resided in Crawford county, Arkansas, where the action was instituted, and that § 7715 of Pope's Digest controls and fixes the venue in accident or health insurance cases in the county where the accident occurred, and provides for service in such county. Otherwise stated, the contention is that Sebastian county is the county of venue and Crawford county is the county in which the suit was instituted.

3. That the court erred in refusing to direct a verdict for the defendant. This alleged error arises out of the contention that the undisputed facts show that the particular policy in force did not cover the total and permanent disability of the appellee. It is contended, on the part of the appellant, that the disability resulted from tuberculosis, and that the policy covered this disability only if it originated after the policy had been in continuous force for the six months preceding the origin of the disability, and it was urged that the policy was issued and was in force after the payment of the first premium for a quarter, and then upon account of failure to pay premiums the policy lapsed, the lapse occurring upon the first day of April, 1936, and continued until the 26th day of June, following, the date the payment of premiums was made, but that during the interval from the 1st of April to the 26th day of June, there was no insurance, nor was there any premium paid for this particular period. Appellant also contended that from and after the 26th day of June the six months period, above mentioned, had not expired when the tuberculosis so manifested itself as to be recognized as the disabling

factor, and that on that account the policy did not become effectual.

4. The fourth contention is an alleged error in giving an instruction in which the jury was told in effect that if more than six months had expired from and after the issuance of the policy, prior to the date of the total and permanent disability, the requirement that the policy must be in continuous force for the six months next preceding the disability had been met. The appellant contended that the beginning of the six months must date from June 26th, or the actual date of reinstatement of the policy, instead of the date of issue.

5. The fifth contention arises out of the assessment of a penalty and the attorney's fee, it being insisted as to the penalty that the policy of insurance was applied for and delivered to the appellee in the state of Missouri and that the law of Missouri in regard to penalties should govern in this case, rather than the law of Arkansas. Concerning the attorney's fee fixed at $1,000, it was contended that it is excessive.

These several matters, to whatever extent we may find it necessary to discuss them, will be treated in the order stated, and, in our discussion of each of the several points, we will not quote from the evidence, but state its effect as the occasion may require.

The question raised by the motion to quash service of summons will be rather summarily disposed of for the reason it is shown that prior to the filing and presentation of this motion the insurance company had filed a motion for subpoenas *duces tecum* and had procured an order directing certain doctors to bring into the court records made in regard to examination and condition of health of insured. Furthermore, prior to filing motion to quash the appellant prepared an agreement to take depositions in Omaha, Nebraska, upon the merits of the litigation, and such agreement had been signed by counsel for both parties.

Since it is generally held that any action on the part of the defendant is an entry of appearance except to object to the jurisdiction of the court, or if forced to pro-

ceed unless all rights are preserved under proper objection, such action will be treated as a general appearance, the motion becomes unimportant. 4 C. J. 1333, § 27; 6 C. J. S. 51, § 17 c; *Mercer* v. *Motor Wheel Corporation,* 178 Ark. 383, 10 S. W. 2d 852; *Purnell* v. *Nichol,* 173 Ark. 496, 292 S. W. 686.

Under the conditions stated the manner or kind of service is immaterial, provided only the court had jurisdiction of the subject matter.

Appellant's second contention is that the venue of this case was in Sebastian county wherein appellee, Moore, resided and suffered his illness. This question has given the writer considerable concern though my colleagues have not seemingly felt any doubt.

In the practice I have on occasion urged the identical view as that expressed by counsel for appellant, that is to say the venue statutes in relation to insurance cases were effective to localize these actions. A new investigation and consideration make doubtful the correctness of that viewpoint.

Section 7675 of Pope's Digest is perhaps the oldest of these venue statutes in force. It provides suit may be brought on a life insurance policy in the county of the residence of the insured or in the county wherein he died. If the effect be to localize actions against insurance companies, we are at a loss to explain why the legislature attempted to narrow or confine such litigation to not more than two counties when all other corporations might be sued in similar actions in any county wherein service might be had according to the statutes.

If the venue statute was intended by the legislature to be restrictive, the contrary suggestion is offered by the provision that suits may be brought in the county of the residence of the insured or in the county wherein he died. These statutes treated as enlarging the venue, the field wherein suits may be brought do not possess the vice we think inherent, in § 1829 of Crawford & Moses' Digest, held discriminatory and consequently invalid in *Power Manufacturing Co.* v. *Sanders,* 274 U. S. 490, 47 S. Ct. 678, 71 L. Ed. 1165. What we have said in regard

to the foregoing sections applies to similar sections or statutes.

Besides, insurance suits generally are transitory in form and kind, unless localized by statute and for that reason the venue may be waived unless timely objection be made or other proper action be taken.

Therefore, the same reason prevailing, the same ruling must be made as in the matter of waiver of service of summons.

Perhaps the most important question that has arisen upon this appeal grows out of that provision of the policy designated as paragraph (a) of the additional provisions of the policy. It is as follows: ". . . Disability resulting from tuberculosis or heart trouble shall be covered only if the disease originates after the policy has been in continuous force for the six (6) preceding months."

There are certain facts developed in this case which become important under the language of the policy as above quoted. These facts are undisputed. The policy was delivered to the plaintiff on December 13, 1935, and quarterly premium was paid until April 1, 1936. The next quarterly premium was not paid by insured and the policy lapsed on April 1, 1936. It continued in this lapsed state or condition until June 26, 1936, when it was reinstated and all premiums were paid in due time and order thereafter. We are not certain that the reinstatement occurred on June 26, the date of payment or on July 1. That fact can be determined from the records. It is immaterial here.

During this period from April 1, 1936, until June 26, 1936, according to the face of the policy, there was no insurance. No premium was paid for that time between April 1 and June 26, 1936, or for the lapsed period and no right was lost or gained by either insurer or insured on account of this lapsation, except that according to the provisions of the policy there was no insurance in force during this particular period. This is a fact we think established beyond any dispute or controversy. Therefore, under the provisions of the policy we have above quoted a six months period had not expired prior to the

time of this lapse of the policy. According to that portion of the policy above quoted no insurance on account of tuberculosis was in force until a six months period had expired from and after reinstatement.

The continuity of the period in which the policy was in force was broken by this lapse. The necessary period of six months must be dated, if at all, following reinstatement. Appellee urges in response to this contention for continuity, another provision of the policy as shown in paragraph three.

"If default be made in the payment of the agreed premium for this policy, the subsequent acceptance of the premium by the association or by any of its duly authorized agents shall reinstate the policy, but only to cover accidental injury thereafter sustained, and such sickness as may begin more than ten days after the date of such acceptance."

That portion of the paragraph insisted upon is to the effect that such sickness (to be covered by insurance) that may become apparent more than ten days after the date of such acceptance of premium for reinstatement. That contention is unsound. It only remains to analyze the foregoing conditions of the policy, which relate to heart disease and tuberculosis, and which provide that the policy must be in force continuously for a period of six months before it will cover either one of the two diseases. In other words, at the time of the lapse of this policy there was no insurance covering either heart disease or tuberculosis. The lapse and a reinstatement did not make either one of these two diseases insurable within the ten days' period. Even at that time the policy had not been issued, including the lapse, for a period of six months and the contention of appellee would increase the insured's rights by reason of his own default, and shorten the period of continuous insurance contrary to the express and unequivocal terms of the policy. Otherwise stated, it may be said that until the policy of insurance had been continually in force for a period of six months the insured was not entitled to and did not have insurance against heart disease and tuberculosis. A

lapse of the policy before it had run continuously for six months, and a subsequent reinstatement would not have reinstated the policy as insurance against heart disease and tuberculosis because there was no such insurance till the expiration of the six months period. Since such insurance did not exist in this case at the time of the lapse it could not be reinstated.

We have but recently discussed very similar propositions to the one under consideration, making a distinction between insurance in force and which might be defeated because of some exception stated in the policy, and a condition whereby the insurance was never, in fact, in effect because the insured was not covered under the provisions of the policy.

These matters become apparent from a consideration of cases presented and discussed in the case of *State Farm Mutual Automobile Ins. Co.* v. *Belshe,* 195 Ark. 460, 112 S. W. 2d 954. In one class of these cases a soldier who had insurance died at Camp Pike with pneumonia. Although he was a soldier he was not affected by the hazards of war. There was a provision or exception in his policy, providing in effect that risks of war were excepted. It becomes apparent from the foregoing statement that when he died of disease the company was not excused merely because of the fact that he was a soldier serving a period of enlistment. *Benham* v. *American Cent. Life Ins. Co.,* 140 Ark. 612, 217 S. W. 462; *Miller* v. *Illinois Bankers Life Ins. Co.,* 138 Ark. 442, 212 S. W. 310, 7 A. L. R. 378. However in the Miller case above cited there was a provision in the policy that the insurance would not cover insured while he was a soldier or sailor in the service of the United States.

In the first of the foregoing cases there was an exception to the liability, in the second there was no insurance whatever. So it is in the policy sued on in this case. No insurance against tuberculosis or heart disease was in effect until the policy had been in continuous force for a period of six months.

Six months from June 26, 1936, or actual date of reinstatement, the policy having been kept in force, the policy-

holder was then insured against tuberculosis and heart disease provided the exceptions against liability had not attached prior to the expiration of the six months period.

It is strongly urged by appellant that the insured had contracted this tuberculosis prior to the expiration of the six months period, and that having contracted the disease prior to the beginning date of the insurance the policy did not take effect as it was not the intention of the insurance company nor even the expectation of the insured that he should be insured against the ravages of a disease from which he was already suffering. In other words the provision of the policy is to the effect that the disease must have originated after the insurance was in force.

The insured insists that he did not collapse, or break down, nor become disabled until after the six months period had expired, counting even from the reinstatement. That he had been an athlete, had been active in athletics, that he had been regularly employed as a salesman, engaged regularly and constantly performing his duties, discharging them fully as he had done for some years prior thereto. It is true that some of the doctors who were called as witnesses testified that the insured must have had this disease some several months prior to his break down or collapse and while we think that this is most probably a correct theory, we cannot declare, as a matter of law, that this contention on the part of the insurance company is correct, nor can we say as a matter of law that the statements of the insured should be considered undisputed. The insured's statements, of course, on account of his interest will not stand as undisputed. On the other hand, the jury is not compelled to believe the testimony of experts any more than they are other witnesses who may be called to testify. *Western Union Telegraph Co.* v. *Turner*, 190 Ark. 97, 77 S. W. 2d 633.

We think it most apparent in the present state of the record that the question of when the tuberculosis originated is one to be settled by the jury under proper instruction.

Since the parties have so contracted we may not amend their contract. We hold the court erred in giving instruction No. 7, permitting the jury to find or date the beginning of the six months period with the date of the policy, December 13, 1935, instead of the date of reinstatement of policy after the lapse. We must reverse the judgment. Instruction No. 7 requested by appellant more nearly conforms to our holding. Even in that requested instruction the date of issuance of policy is immaterial and might well be omitted as tending to confuse.

Since the case must be retried other alleged errors will not be considered as they may not appear upon a new trial. Penalty and attorney's fee are incidents to the principal recovery and fall with it.

Reversed and remanded for a new trial.