METROPOLITAN LIFE INSURANCE CO. *v.* BAKER.

4-5241                          122 S. W. 2d 951

Opinion delivered November 14, 1938.

*Daily & Woods,* for appellant.

*Rains & Rains,* for appellee.

MEHAFFY, J. This suit was brought in Crawford circuit court to recover on an insurance policy issued to John W. Baker. May Belle Baker was the beneficiary in the insurance policy, and the plaintiff in the suit.

It appears from the record that the beneficiary lived in Franklin county, and this was her husband's home before his death, and the assured died in Sebastian county.

The appellant filed motion to quash the summons issued in the case, and alleged that the insured, at the time of his death, was a resident of Sebastian county, and that his death occurred in Sebastian county.

Section 7675 of Pope's Digest reads as follows: "When any loss shall occur by fire, lightning or tornado, in the burning, damage or destruction of property upon which there is a policy of insurance, or when any death has occurred of a person whose life shall have been insured, or in case of death or injury of any one having a policy of accident insurance, the assured or his assigns, in case of fire insurance, may maintain an action against the insurance company taking the risk, in the county where the loss occurs. And the beneficiary, or his assigns, in case of life insurance, may maintain an action against the insurance company that has taken the risk, in the county of the residence of the party whose life was insured, or in the county where the death of such party occurred."

This motion to quash was filed before appellant had entered its appearance and specially stating in the motion that it appeared specially for the motion and for no other purpose, and without entering its appearance in this action. The motion to quash was overruled, and the defendant filed answer reserving in its answer the objection contained in its motion to quash.

There was a trial and judgment for appellee. The case is here on appeal.

The statute above set out localizes actions of this kind and provides that such actions may be brought in the county where the beneficiary resides or where the insured died. Since he lived in Franklin county and died in Sebastian county, the Crawford county court, under the above statute, had no jurisdiction. This rule has been followed by this court for many years.

The appellee contends that this court has sufficiently passed on this matter in the case of *Mutual Benefit Health & Accident Association* v. *Moore,* 196 Ark. 667, 119 S. W. 2d 499. The court in that case, however, said: "The question raised by the motion to quash service of summons will be rather summarily disposed of for the reason it is shown that prior to the filing and presentation of this motion the insurance company had filed a motion for subpoenas *duces tecum* and had procured an order directing certain doctors to bring into the court records made in regard to examination and condition of health of insured. Furthermore prior to filing motion to quash, the appellant prepared an agreement to take depositions in Omaha, Nebraska, upon the merits of the litigation, and such agreement had been signed by counsel for both parties.

"Since it is generally held that any action on the part of the defendant is an entry of appearance, except to object to the jurisdiction of the court; or forced to proceed unless all rights are preserved under proper objection, will be treated as a general appearance. The motion becomes unimportant."

In the instant case, however, appellant had not entered its appearance, but filed its motion entering its appearance for no other purpose and preserved its objection in all proceedings thereafter, and it is not contended that it entered a general appearance.

This court held: "There is no doubt but that where a party, who has not been served with summons, answers, consents to a continuance, goes to trial, takes an appeal, or does any other substantial act in a cause, such party by such act will be deemed to have entered his appearance. But this rule of practice does not apply in cases where the party on the threshold objects to the jurisdiction of his person, and maintains his objection in every pleading he may thereafter file in the case. Where he thus preserves his protest, he can not be said to have waived his objection to the jurisdiction of his person." *Spratley* v. *Louisiana & Ark. Ry. Co.,* 77 Ark. 412, 95 S. W. 776.

Our statute provides that where stock is killed the owner may sue the railroad company in the county where the killing or wounding occurred. Section 11148, Pope's Digest.

This court said in construing the statute last mentioned: "Therefore, to give the court jurisdiction it was necessary for the plaintiff to show that the animal was killed in the county where the court was sitting. The failure to show the venue was fatal to the judgment." *Little Rock & Ft. Smith Ry. Co.* v. *Jamison,* 70 Ark. 346, 68 S. W. 28.

This court also said: . "The statute requires that actions against railway companies for injuries to stock by train shall be brought in the county where the injury occurred." *St. Louis, Iron Mt. & So. Ry. Co.* v. *James,* 70 Ark. 387, 68 S. W. 153; *Continental Casualty Co.* v. *Toler,* 188 Ark. 139, 64 S. W. 2d 322; *Duncan Lbr. Co.* v. *Blaylock,* 171 Ark. 397, 284 S. W. 15.

This court has also said: "The allegations of the complaint were sufficient without alleging the county of the residence of the insured and where his death occurred; since in fact he was a resident of that county and his death occurred there, and it could and would have been shown upon a motion to make the complaint more definite and certain, or upon an objection to the jurisdiction of the court on that account." *Woodmen of Union of America* v. *Henderson,* 186 Ark. 524, 54 S. W. 2d 290.

There are numbers of other cases to the same effect, but it is unnecessary to cite further authorities.

We are of opinion that suits of this character must be brought in the. county where the assured lived, or where he died.

We do not discuss or decide any of the other questions raised. For the reasons stated above the judgment of the circuit court is reversed, and the cause is remanded with directions to sustain the motion to quash.

BAKER, DONHAM, JJ., dissent.