REPUBLIC NATIONAL LIFE INSURANCE COMPANY v. PERKINS.

4-6009 143 S. W. 2d 19

Opinion delivered June 24, 1940.

*Walter L. Pope,* for appellant.

*Evans & Evans,* for appellee.

MEHAFFY, J. On November 8, 1930, the Joplin Life Insurance Company issued a policy of life insurance for $5,000 to appellee, Roscoe Perkins. It was alleged in the suit filed by appellee that the appellant, Republic National Life Insurance Company, had assumed all liability under said policy.

The policy contained a provision that upon receipt of proof by the company at its home office that the insured has, while said policy and the supplementary contract are in full force and prior· to the anniversary date of said policy nearest to the sixtieth birthday of the insured, become totally disabled as the result of bodily injury or disease occurring after the issuance of said policy, so as to be prevented thereby from engaging in any business or occupation and performing any work for compensation or profit, and that such disability has already continued uninterruptedly for a period of at least four months, the company during the continuance of such disability, will waive the payment of each premium under the policy and supplementary contract, beginning with the premium the due date of which next succeeds the date of commencement of such liability. It provides that no premium shall be waived, the due date of which is more than one year prior to the receipt of notice; and it provides further that it will pay to the insured, or if such disability is due to or is accompanied by mental incapacity, to the beneficiary of record under said policy, a monthly income of ten dollars for each $1,000 of face amount of said policy or of commuted value of installments, if any, under said policy, such monthly income to be paid for each completed month of such continuous disability beginning with the fourth

month, provided, however, that in no case shall any such monthly income be paid for the first three months of disability nor for any fractional part of a month, nor for any period of disability more than a year prior to the date of receipt at the home office of the written notice of claim.

It was alleged that in the latter part of 1932 appellee became totally disabled and made proof of his disability and became entitled to $50 a month under said policy, and that such payments were made and continued until March 1, 1939, when, without right, the appellant ceased making payments; that appellee was entitled to such monthly payments for the months of April and May, 1939; that due demand had been made and payments refused. The prayer was for judgment for the past due installments, for statutory penalty and for attorney's fees.

Appellant filed answer denying each and every allegation contained in the complaint and further alleged that the present disability of appellee, upon which he relies for a recovery, is based upon the disease which occurred and originated and existed prior to the issuance of the policy and does not constitute a basis of a valid claim for total and permanent disability benefits. The prayer was that the complaint be dismissed and judgment and costs in favor of appellant.

The appellee filed a reply to the affirmative matter set up by the appellant in its answer, alleging that the policy sued on provides that ''this policy shall be incontestable after it shall have been in force during the lifetime of the insured for one year from its date, provided premiums have been duly paid''; that the supplementary contract forming part of the policy provides: ''The provisions of said policy as to incontestability shall apply hereto, but shall not preclude the Company from requiring as a condition to recovery hereunder, due proof of such disability as entitled him to the benefits hereof.'' It was also alleged that after two full premiums had been paid, the appellee suffered a physical

breakdown from tuberculosis; that he advised appellant of his condition and the appellant sent agents to Ratcliff, home of appellee, who made an investigation of all the facts in connection with appellee's physical condition; that appellant admitted its liability and commenced monthly payments, which were continued until March, 1939; that appellant had all the information as to appellee's physical condition at the time of and for twenty months subsequent to the issuance of the policy and that it has waived any right it might have to assert the defense set up in the answer; that if appellant had made the contention which it now makes, appellee could have shown by proof the falsity thereof, but, after a lapse of seven years, during which time appellant has admitted its liability, appellee cannot produce proof because of the removal, absence, death, and failure of memory of witnesses, which he cannot now produce; that for these reasons the appellant is estopped to allege the defenses affirmatively set up in its answer.

There was a trial in the northern district of Logan county circuit court, and the jury returned a verdict in favor of appellee for the sum of $300. Appellant filed motion for new trial which was overruled, and the case is here on appeal.

The appellant presents only two questions for our consideration. It is first alleged that the court was without jurisdiction because the appellee lived in Franklin county and brought the suit in Logan county; and second, because the verdict and judgment of the court are contrary to the evidence, and appellant states that only these two alleged errors will be discussed by it.

The appellee had lived at Ratcliff, Logan county, for a number of years, but six or eight months prior to filing suit he had moved from Logan county to Branch, Franklin county. Branch was about four miles from Ratcliff. Appellee's attorney did not know that he had moved, and brought the suit in Logan county.

After the appellant ceased to make monthly payments it made a thorough investigation in preparation

for the suit that followed, and it must have known where the appellee lived. It denied all the material allegations in the appellee's complaint, and states in its brief that this denial raised the issue of the residence of appellee.

Appellant states: "The answer put in issue the question of venue." Whether appellant knew where appellee lived at the time this action was instituted, it should have known it, and any sort of investigation would have given it the knowledge. Instead of filing a motion to quash service, it filed answer, and thereby entered a general appearance.

Appellant calls attention to *Metropolitan Life Ins. Co.* v. *Baker,* 197 Ark. 61, 122 S. W. 2d 951. In that case the court quoted with approval from *Spratley* v. *La. & Ark. Ry. Co.,* 77 Ark. 412, 95 S. W. 776, as follows: "There is no doubt but that where a party, who has not been served with summons, answers, consents to a continuance, goes to trial, takes an appeal, or does any other substantial act in a cause, such party by such act will be deemed to have entered his appearance. But this rule of practice does not apply in cases where the party on the threshold objects to the jurisdiction of his person, and maintains his objection in every pleading he may thereafter file in the case. Where he thus preserves his protest, he can not be said to have waived his objection to the jurisdiction of his person."

In the case of *Metropolitan Life Ins. Co.* v. *Baker, supra,* the appellant filed motion to quash summons alleging that at the time of insured's death he was a resident of Sebastian county. The motion to quash was filed before the appellant had entered its appearance, and especially stating in the motion that it appeared specially for the motion and for no other purpose, and without entering its appearance in the action. The motion to quash was overruled by the court, and the appellant filed answer reserving in its answer the objections contained in its motion to quash.

Appellant calls attention also to the case of *Mutual Benefit Health & Accident Ass'n* v. *Moore,* 196 Ark.

667, 119 S. W. 2d 499. The court in that case said: "Besides, insurance suits generally are transitory in form and kind, unless localized by statute, and for that reason the venue may be waived unless timely objection be made or other proper action be taken."

If appellant desired to object to the suit being brought in Logan county, it should have filed a motion to quash and should have reserved this objection throughout the trial. It cannot enter a general appearance and then, after the evidence has been introduced, take advantage of the fact that the appellee lived in a different county from the one where the suit was pending. This is a transitory action, the court had jurisdiction of the subject-matter, and by entering a general appearance, appellant waived the question of venue.

The only other contention of appellant is that the disability occurred prior to the issuance of the policy. There was some conflict in the evidence as to when this disability occurred, but it was a question of fact for the jury.

Dr. Riley, superintendent of the sanitorium at Booneville, did not testify, but a report of his examination was introduced in evidence. Dr. Nowlin, however, testified that he could not tell how long Roscoe Perkins had had tuberculosis, but that tuberculosis was classified into three stages and it depends on the amount of involvement shown in the lungs by the X-ray or found on physical examination. Perkins was classified on admission in July, 1932, as a moderately advanced case of tuberculosis. The examination was made by Dr. Riley in October, 1931. This doctor also testified that you find striated condition in early stages the same as advanced cases.

The evidence is undisputed that for years the appellee had worked; he was postmaster at Ratcliff, bought and weighed cotton until the latter part of 1931. There was other evidence showing that he worked. Again, the appellant made a thorough investigation and wrote a letter on June 18, 1932, signed by the vice president,

stating that the company was of the opinion that the disability, if any, would date from March 1, 1932, for the reason that up to that time Mr. Perkins was performing his usual duties, and receiving his usual salary as postmaster at Ratcliff, Arkansas. In the letter it was also stated that the vice president thought he could persuade the company to begin payment on this policy on July 1, 1932, and continue the payments during Mr. Perkins' disability, if any.

This investigation by the insurance company was made in 1932, several years before the institution of this suit. The company, after this thorough investigation, paid the monthly payments on the policy for about seven years. It is admitted that the company issued the policy, and it is not denied that appellee is permanently and totally disabled, and the only question is when this disability occurred.

The appellant requested and the court gave the following instruction: "If you believe from the evidence in this case that the disease from which the plaintiff is suffering, if any, occurred prior to the issuance of the policy sued upon, then the plaintiff cannot recover."

It, therefore, appears from the record that the appellant requested the court to submit the question to the jury, the only question argued here, and this instruction told them that if the disease occurred prior to the issuance of the policy, appellee could not recover.

The appellant also requested another instruction, submitting to the jury the question of total disability and the time when it occurred: "You are instructed that before the plaintiff can recover in this case, he must prove to your satisfaction by a preponderance of the evidence that he is totally disabled as a result of disease, and that this disease, if any, occurred after the issuance of the policy sued upon."

It is our conclusion that it was a question of fact as to whether the disability occurred after the policy was issued. The jury's verdict on this question is conclusive, and the judgment is affirmed.