PRICE *v.* SHOPE.

4-8342                                    206 S. W. 2d 752

Opinion delivered December 1, 1947.

Rehearing denied January 12, 1948.

*P. L. Smith,* for appellant.

*J. H. Lookadoo* and *Agnes F. Ashby,* for appellee.

ROBINS, J. This is an appeal from judgment of the circuit court refusing appellants' prayer for quashing of two judgments (one against each of appellants) rendered by a justice of the peace in replevin suits.

Separate certiorari proceedings were instituted, but as the grounds of attack on the magistrate's judgments were the same in each case the proceedings were without objection consolidated in the circuit court for trial.

Both of the suits before the justice of the peace were instituted by appellee, Rush Clark, to recover certain hogs, or their value. In one case there was a judgment against appellant, William Price, and the sureties on his bond for $75, and in the other a judgment against Mrs. Homer Mitchell and her sureties for $40.

It is first urged that the judgments of the justice of the peace were void because the magistrate had failed to provide himself with an appropriate docket, in compliance with § 8370, Pope's Digest. While it is eminently proper that every justice of the peace have a regularly bound book in which to record his proceedings, the statute does not make the possession of such a docket a jurisdictional requirement. The justice of the peace testified that he entered the judgments complained of on an ordinary tablet which he used for that purpose. We cannot say that the judgments were void for that reason.

It is next argued that there were no affidavits for delivery filed. The transcript before us shows that an affidavit for delivery was made in each case by the plaintiff before the justice of the peace on September 30, 1946.

It is finally urged that no process was served on appellants in the replevin suits. The transcript of docket entries, which the justice of the peace introduced in evidence at the trial below, reflected that service of process was had. Furthermore, it is not disputed that, after the suits had been filed, there was an agreement by appellants as to continuance in each case. Such agreement, we have held, amounts to an appearance, and constitutes a waiver of service of process. *St. Louis Iron Mountain & Southern Railway Company* v. *Barnes,* 35 Ark. 95; *Metropolitan Life Insurance Company* v. *Baker,* 197 Ark. 61, 122 S. W. 2d 951.

Appellants objected at the trial in circuit court that copies of the docket entries, instead of the original tablet in which they were entered, were produced; but in their petitions for certiorari appellants did not ask for this record—they prayed only that a transcript thereof be filed. Nor did they seek to have this informal docket brought in by *subpoena duces tecum.* Appellants therefore may not complain as to this.

No error appearing, the judgment of the lower court is affirmed.