PAUL H. POWER *v.* EUGENE W. HOWARD

5-6043                                    490 S.W. 2d 435

Opinion Delivered February 19, 1973

*Hensen & Faubus,* for appellant.

*James L. Sloan,* for appellee.

Conley Byrd, Justice. This litigation arises out of the acquisition by the appellant Paul H. Power and appellee Eugene W. Howard of a 60 acre tract of river frontage near North Little Rock, Arkansas. In the trial court case No. 72452, Howard alleged a joint venture between himself and Powers to acquire the land. Paragraph (b) of the complaint alleged that it was agreed between the parties that Howard was to use his equipment to improve the land and that the rate for this type of improvement would be $20 per hour, one-half of which was to be paid by Power. In this complaint, Howard sought to recover $38,150. In the pleadings, Power admitted the joint venture but denied the agreement to improve the property.

In trial court case No. 72807 Howard brought suit to recover one-half of the expense of moving and repairing a dredge purchased by the parties to improve the property involved in the other suit. These two suits were consolidated, along with a suit by a corporation controlled by Powers against Howard and were heard by the trial court sitting as a jury. The trial court's findings and conclusions were set out in a memorandum opinion as follows:

"This Opinion involves three cases which were consolidated for trial.

In analyzing the evidence submitted we find certain basic and important undisputed facts such as:

(1) Mr. Howard and Mr. Power in August of 1968, acquired approximately Sixty (60) acres of land having substantial river frontage for a consideration of $25,000.00 Each party invested $12,500.00 in said purchase price.

(2) An option to purchase this land was obtained on June 5, 1968, and notification was given to the then owner on July 31, 1968, that such option would be exercised.

(3) Messrs. Howard and Power possessed ambitious ideas for the development of a port facility and shared their optimism with the North Little Rock Port Authority on August 9, 1968. (See Plaintiff's Exhibits 15 and 16 for further documentation.)

(4) On July 5, 1968, in furtherance of their project, the parties purchased a used steel dredge barge from owners located in Farmersville, Louisiana, for the sum of $10,000.00. It was understood that this piece of equipment had to be transported to the local site at a substantial cost and that, upon arrival, certain repairs to same would be necessary. The money used in purchasing the dredge was obtained from Fidelity Savings and Factoring Company. Mr. Power has paid his portion of this indebtedness ($5,000.00) but Mr. Howard has failed to remit his $5,000.00 although he admits owning same.

(5) The relationship of the parties became strained in late September, 1968.

(6) On October 1, 1968, Power and wife indicated their willingness to sell out to Howard for a cash consideration of $50,000.00. As of October 8, 1968, an offer was made by Power to Howard to sell his interest in the land and dredge for $45,500.00 subject to certain conditions. (Defendant's Exhibit 17).

(7) On December 5, 1968, the parties formally listed the Sixty (60) acre tract for sale with Block Realty Company. The listing price was $250,000.00. In the contract with Block, it was stipulated that a dredge was available as an extra item for $20,000.00 and that a large part of property needs fill, dredge could fill for $1,000.00 per acre.

In the Court's opinion facts set forth in Paragraphs 1 through 4 constitute the relationship of joint venture.

As to cases numbered 72452 and 72807 the facts and figures submitted by plaintiff appear to be inflated and not supported by an important element which I classify as 'accomplishment'.

Too, it is believed plaintiff Howard continued to incur expenses when he knew or reasonably should have known that completion of their proposed project was impossible. The relationship between joint ventures is fiduciary in character and imposes on participants an obligation of loyalty, utmost good faith, fairness, honesty, and full disclosure. The testimony submitted has been carefully scrutinized in the light of these essential elements.

In case No. 72452 plaintiff seeks recovery for one-half of $38,185.00 allegedly expended by him in fulfilling his obligation. Being unable or at least unwilling to completely accept the testimony of plaintiff as to the documentation of such expenditures search of the record was made to determine if there could be found other evidence of greater probative value. As indicated in Paragraph 7 the parties themselves supplied the answer accepted by the Court wherein they put potential purchasers on notice that 'dredge could fill for $1,000.00 per acre'.

Plaintiff testified that 10 or 15 acres had 'been moved to the center'. I give plaintiff credit for the higher acreage mentioned by him and, therefore, conclude he had an expenditure of $15,000.00. As I construe the pleadings filed in this case for all work done by plaintiff compensible at the rate of $20.00 per hour the defendant would invest into the lands for further improvements the sum of $10.00 for each hour of work performed by plaintiff. Accepting this 2 for 1 ratio to represent the agreement of the parties Mr. Howard would be entitled to a judgment against Mr. Power in the amount of $7,500.00.

In case No. 72807 recovery is sought for one-half of $8,258.74 which again was allegedly expended by plaintiff in transporting the dredge from Louisiana to Arkansas and repairing same upon arrival. These alleged charges have not been allowed in full. I can only say as the trier of fact I find the cost of transportation to be excessive and that the alleged repairs to the dredge are not supported by sufficient substantial evidence to justify the total amount asked by plaintiff. The sum of $5,000.00 has been allowed. It is recognized that the dredge was moved from Louisiana to Arkansas and it is logical to believe that certain repairs were made thereon. Because of these factors judgment will be given Mr. Howard for one-half of this amount, $2,500.00.

In case No. 72149 it is admitted that Mr. Howard owes Fidelity Savings and Factoring the sum of $5,-000.00 plus interest. Judgment will be rendered for such sum as might be due after the accrued interest is calculated."

For reversal, appellant relies upon the following points: ·

"I. The trial court erred in finding that a joint venture existed.

II. The trial court erred in finding for the appellee when all of the facts support the conclusion that no improvements were made to the land and that appellee did not do any of the work alleged by him as reflected by his so called typewritten ledger sheets.

III. The lower court based its findings upon speculation and conjecture which is error.

IV. The court erred in allowing the appellee his alleged costs instead of allowing the appellee the amount by which such improvements enhanced the value of the land.

V. The trial court erred in allowing a judgment for appellee as an individual in case number 1 and in

case number 2 when all of the alleged improvements to the land and alleged transportation costs and repair costs to the dredge were done with equipment owned by A-1 Enterprises or by employees of A-1 Enterprises, Inc., a corporation.

VI. The court erred in awarding a judgment to the appellee when the appellee by his own admission admitted that the appellant didn't owe him anything.

VII. The trial court erred in dismissing appellant's cross complaint against A-1 Enterprises, Inc.

VIII. The court erred in admitting into the evidence plaintiff's exhibit 6 and 8. These exhibits reflect certain work done by the appellee on the land owned by the parties and expenses incurred for the transportation and repair of a dredge which the parties purchased in July 1968. The title to this dredge was transferred to the Arkansas Dredging Company on August 19, 1968."

IX. The Award in case number 2 is excessive."

The record with regard to points I through IV shows that Howard testified that he and Powers entered into an agreement not only to purchase the property but also to improve the property upon the basis that Howard would do the work with his equipment at the rate of $20 per hour and that Power would pay one-half thereof up to $200,000. In connection therewith he testified that when his machinery was not excavating sand and dirt for sale, it was busy moving dirt to the center of the property in accordance with some architectural plans so that the property could be used as a river port and public warehousing area. Through himself and his secretary he introduced business records showing that he had made improvements totalling $38,185, after giving Power credit for dirt royalties and rent. Power denies that there was an agreement to improve the property but admits the purchase of the dredge and also an appearance before the North Little Rock Planning Commission, where there was much talk about the improvements being made. In addition to the oral testimony there were many exhibits introduced some of which contained the names of

both parties, such as the listing contract. Furthermore during this time the parties jointly purchased a dredge that was to be used in connection with the property.

Points I through IV. We find no merit in the contentions made here. Under the law it is the duty of the trial court, when sitting as a jury, to weigh the evidence and to resolve all doubts as to credibility. This is because the trial court views the parties and the witnesses as they testify and because of this he has the advantage of the so-called "body-english"—*i.e.,* that which is said or not said and that which is demonstrated by movement of the hands or other parts of the body. On reviewing such a finding, this court is limited to a determination of whether there is any substantial evidence to support the trial court's finding. In doing so we must view the record in the light most favorable to the appellee. We make this explanation because appellant's argument is more in the nature of a jury argument as to who should or should not be believed.

Had the trial court found the appellee's record documentation to be completely without probative value, we would be inclined to reduce the judgment to the minimum of ten acres where Howard testified to the moving of ten to fifteen acres. However, as we read the trial court's finding he weighed both the record documentation and the oral testimony in arriving at the conclusion that Howard had expended $15,000 to improve the lands. On the record, we cannot say that there is no substantial evidence to support the findings of the trial court on the issue of a joint venture and the amount of the improvements. Since the appellee alleged and proved a contract to share one-half of the cost of improving the land, there is no merit to the suggestion that the court should have allowed only the enhanced value of the lands.

POINT V. There is no merit to the contention that the court erred in allowing a judgment for appellee in his individual capacity. The proof shows that A-I Enterprises, Inc. was a family corporation owned completely by appellee, his wife and son and that all improvements were made by a special arrangement with the corporation.

POINT VI. This argument arises over the assignment of Howard's purchase money note to the First American National Bank by Power. At the time of the transfer, the bank refused to accept the note because of an alleged set-off. There is a dispute between the witnesses as to the set-off involved and as to what was said by Howard at the time. The trial court had a right to believe Howard's version.

POINT VII. Power is not in a position to complain of the dismissal of his cross-complaint against A-I Enterprises, Inc., for royalties allegedly due. There is no proof as to royalties other than those for which he was given credit by Howard. Thus having received full credit for the royalties due, he is not in a position to complain.

POINT VIII. Appellant here contends that certain records were prepared only for purposes of the trial and were not actually business records. Here again, there was proof to the contrary and we cannot say there is no evidence to support the trial court's findings.

POINT IX. Finally appellant argues that the award for moving and repairs to the dredge is excessive. Since there is proof in the record that would have sustained a larger award, we find no merit in this contention.

Affirmed.

JONES, J., dissents.