2010 Ark. 136

**Nathan Leroy POFF, Jr.; John Lawrence Poff; and Jennifer Poff Talley, Appellants,**

v.

**Carolyn Sue (Poff) PEEDIN, Appellee.**

No. 09–737.

Supreme Court of Arkansas.

March 18, 2010.

Mays & White, PLLC, by: Richard H. Mays, Heber Springs, and Ginger L. Harper, Little Rock, for appellants.

Dunn, Nutter & Morgan, LLP, by: Jon Beck and Charles A. Morgan, for appellee.

RONALD L. SHEFFIELD, Justice.

This case has been certified to us by the Arkansas Court of Appeals pursuant to Ark. Sup.Ct. R. 1–2(b)(2) (2009), as an issue upon which there is a perceived inconsistency in the decisions of the Arkansas Supreme Court and the Arkansas Court of Appeals. We have been asked to clarify what the proper standard of review is for declaratory judgment proceedings.

The case that gave rise to the question now before us stems from a dispute between the parties over who had proper title to mineral rights once held by decedent Dr. Nathan Leroy Poff. Appellee Carolyn Sue Poff (Peedin), the second wife of the decedent, was appointed executrix of the decedent's estate, and Appellants are the decedent's children. After the decedent's death in 1994, and subsequent litiga-

tion between Appellee and Appellants over the decedent's will, the parties entered into a family settlement agreement in July 1996. Ten years later, the parties discovered that the decedent owned at his death additional property, namely, an undivided one-fourth interest in the oil, gas, and other minerals to six hundred and fifteen acres of land in Cleburne and Independence counties. On August 13, 2007, Appellants filed a complaint to quiet title to minerals against Appellee; they maintained that the settlement agreement only disposed of the decedent's property known to the parties at the time, and not this newly-discovered property interest. On November 8, 2008, Appellee filed a motion for declaratory judgment seeking ownership of the mineral interests under the settlement agreement. The Circuit Court of Cleburne County entered an order on April 14, 2009, denying Appellants' complaint to quiet title to the mineral rights, granting Appellee's motion for declaratory judgment, and finding that Appellee was the sole and rightful owner of the interest in the mineral rights pursuant to the settlement agreement. Appellants filed a timely notice of appeal on April 29, 2009.

In its certification memo to this court, the court of appeals observed that both of the parties in their briefs stated that the applicable standard of review for an appeal of declaratory judgment proceedings is whether there is substantial evidence to support the findings on which the judgment is based. In support of this statement, the parties cited *Hoffman v. Gregory*, 361 Ark. 73, 204 S.W.3d 541 (2005). In that case, the circuit court granted a motion for declaratory judgment in a dispute over the rights established by the decedent's trust and a related agreement between the decedent and one of the parties. On appeal, we stated the standard of review as follows:

A declaratory-judgment proceeding is reviewed in the same manner as any other judgment, and if there is any substantial evidence to support the finding upon which the judgment is based, it will be affirmed. *Commercial Printing Co. v. Rush*, 261 Ark. 468, 549 S.W.2d 790 (1977) (citing *Mid–South Insurance Company v. Dellinger*, 239 Ark. 169, 388 S.W.2d 6 (1965)). In determining whether there is any substantial evidence to support the circuit court's finding, we must view the record in the light most favorable to the appellee. *Id.* (citing *Power v. Howard*, 253 Ark. 1052, 490 S.W.2d 435 (1973)). The presumptions on appeal are all in favor of the validity of the judgment of the trial court. *Id.* (citing *Woodman of Union of America v. Henderson*, 186 Ark. 524, 54 S.W.2d 290 (1932)).

*Id.* at 77–78, 204 S.W.3d at 544–45. We ultimately decided that there was substantial evidence to support the circuit court's finding. Subsequently, the court of appeals relied upon the standard of review set out in *Hoffman* in its decision in *Williams v. Southern Farm Bureau Casualty Insurance Co.*, 2009 Ark. App. 823, 2009 WL 4672244.

However, as the court of appeals pointed out in its certification memo, the Arkansas Rules of Civil Procedure sets out a different standard of review than the one this court used in *Hoffman*. Rule 52(a) of the Arkansas Rules of Civil Procedure, adopted on July 1, 1979, states,

If requested by a party at any time prior to entry of judgment, in all contested actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58; and in granting or refusing interlocutory injunctions, the court shall similarly set

forth the findings of fact and conclusions of law which constitute the grounds of its action. Requests for findings are not necessary for purposes of review. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous (clearly against the preponderance of the evidence), and due regard shall be given to the opportunity of the circuit court to judge the credibility of the witnesses. The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein. Findings of fact and conclusions of law are unnecessary on decisions of motions under these rules.

Ark. R. Civ. P. 52(a) (2009). What is more, this court had the opportunity to consider this rule very soon after it was adopted. In *Taylor v. Richardson*, 266 Ark. 447, 585 S.W.2d 934 (1979), the plaintiffs brought an action for breach of contract, alleging that the defendant has refused to correct defects and construction errors when building the plaintiffs' house. The plaintiffs originally sought damages sufficient to correct the errors, but then amended their complaint to seek additional damages for the diminution in value of the plaintiffs' property as caused by the defects. The circuit court, sitting as the jury, found that the appropriate damages were simply the cost of the repair, and that the plaintiffs did not deserve damages for any diminution in value. We began our review of the case by noting,

> We deem it appropriate at this time to call attention to the fact that Arkansas Rules of Civil Procedure, Rule 52, effective July 1, 1979, has altered the stan-dard of review on appeal as to cases tried by a circuit judge, sitting as a jury. That rule provides: "Findings of fact shall not be set aside unless clearly erroneous (clearly against the preponderance of the evidence), and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." In other words, on appellate review the substantial evidence test will not be applicable to cases tried on or after July 1, 1979.

*Id.* at 449, 585 S.W.2d at 935;[1] *see also Superior Improvement Co. v. Mastic Corp.*, 270 Ark. 471, 604 S.W.2d 950 (1980).

Accordingly, we have been called upon by the court of appeals to determine whether any reason exists for treating declaratory-judgment actions differently, which would give rise to us declining to apply the clearly-erroneous standard set out in Rule 52(a) in our opinion in *Hoffman*. We find that no such reason exists, particularly when Title 16, Chapter 111 of the Arkansas Code Annotated, establishing the remedy of declaratory judgment, states that "[a]ll orders, judgments, and decrees under this chapter may be reviewed as other orders, judgments, and decrees." Ark.Code Ann. § 16–111–109. We further find support for this position in several recently decided cases. For example, in *McSparrin v. Direct Insurance*, 373 Ark. 270, 283 S.W.3d 572 (2008), the appellant repeatedly drove her car into another car, moving it until it stopped against a third car. The appellant was found to be intoxicated at the time, but may have acted intentionally. Her insurance company filed an action for declaratory judgment, alleging that because the appellant had intentionally driven her car into another, the insurance company had no duty to defend or indemnify her under the exclu-

---

1. Ultimately, however, we applied the substantial-evidence test because the case had been tried in the circuit court before Rule 52 became effective.

sionary clause in her automobile insurance policy. After a bench trial, the circuit court held that the appellant had acted intentionally, and that the exclusionary clause applied, relieving the insurance company of any liability. On appeal, we reviewed the circuit court's findings under a clearly-erroneous standard. *See also Republican Party of Garland Cnty. v. Johnson,* 358 Ark. 443, 193 S.W.3d 248 (2004); *Pianalto v. Pianalto,* 2010 Ark. App. 80, —— S.W.3d ——, 2010 WL 305327; *Price v. Willbanks,* 2009 Ark. App. 849, —— S.W.3d ——, 2009 WL 4840028.

■ Therefore, we hold that Arkansas appellate courts should review all appeals from bench trials under the clearly-erroneous standard, and we overrule *Hoffman* to the extent that it ₆applies the wrong standard of review. However, we must clarify that the clearly-erroneous standard set forth in Rule 52(a) is the standard of review for bench trials, and not necessarily for all declaratory-judgment actions. Appellate courts should not apply the clearly-erroneous standard if review of the underlying basis for the action is governed by another standard. *See, e.g., McGhee v. Ark. State Bd. of Collection Agencies,* 375 Ark. 52, 289 S.W.3d 18 (2008) (reviewing the denial of a request for declaratory judgment to determine constitutionality of an act under constitutionality standard of review); *Hanners v. Giant Oil Co. of Ark., Inc.,* 373 Ark. 418, 284 S.W.3d 468 (2008) (reviewing summary judgment granted in declaratory-judgment action under summary-judgment standard of review); *Myers v. Yingling,* 372 Ark. 523, 279 S.W.3d 83 (2008) (reviewing a disputed question of fact in a declaratory-judgment action using preponderance-of-the-evidence standard); *Helena–West Helena Sch. Dist. v. Fluker,* 371 Ark. 574, 268 S.W.3d 879 (2007) (applying standard of review for a bench trial in appeal of action

for writ of mandamus, declaratory judgment, and a temporary restraining order); *Gallas v. Alexander,* 371 Ark. 106, 263 S.W.3d 494 (2007) (applying summary-judgment and constitutionality standards of review in appeal from declaratory-judgment action); *Ark. Residential Assisted Living Ass'n v. Ark. Health Servs. Permit Comm'n,* 364 Ark. 372, 220 S.W.3d 665 (2005) (applying summary-judgment and presumption of statutory validity to appeal from declaratory-judgment action); *Ark. Dep't of Econ. Dev. v. William J. Clinton Presidential Found.,* 364 Ark. 40, 216 S.W.3d 119 (2005) (reviewing under summary-judgment standard an order granting declaratory judgment); *McEuen Burial Assoc. v. Ark. ₇Burial Ass'n Bd.,* 298 Ark. 572, 769 S.W.2d 415 (1989) (stating that the appropriate standard of review of an administrative agency's decision was whether there was substantial evidence to support the action taken by the agency, where the plaintiff filed a declaratory-judgment action seeking to have the administrative agency's rules declared invalid).

Certified question answered. Remanded to the court of appeals.

HANNAH, C.J., and DANIELSON, J., concur.

DANIELSON, J., concurring.

I concur. The clearly-erroneous standard set forth in Ark. R. Civ. P. 52(a) is the standard applied to *bench trials,* not necessarily to all declaratory-judgment actions. This is because a declaratory-judgment action is often times reviewed on appeal by the standard of review applicable to the underlying basis for the action, as evidenced by those cases cited by the majority. In other words, while the matter underlying an appeal may be an action for declaratory judgment, the actual standard of review shall be determined, as it is

in any case, by the issue actually presented. Thus, there is no blanket standard of review to be applied to all declaratory-judgment actions. Instead, the appellate court should determine the issue presented in the appeal and, then, determine the applicable and appropriate standard of review. *See, e.g.,* 5 C.J. S. *Appeal & Error* § 833 (2009) ("The selection of the appropriate standard of appellate review requires a correct characterization of the trial court proceedings.").

HANNAH, C.J., joins.