

Cite as 2014 Ark. App. 53

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-13-581

RONNIE WILLCUTT, LARRY F.
WILLCUTT, MARSHA KAY
WILLCUTT, and NADINE WILLCUTT
APPELLANTS

V.

RICKY D. HOUSTON and SHERRY L.
HOUSTON
APPELLEES

Opinion Delivered January 22, 2014

APPEAL FROM THE CONWAY
COUNTY CIRCUIT COURT
[NO. 15CV-11-30]

HONORABLE TERRY SULLIVAN,
JUDGE

AFFIRMED

**ROBIN F. WYNNE, Judge**

Ronnie Willcutt, Larry Willcutt, Marsha Willcutt, and Nadine Willcutt appeal from

an order granting a declaratory judgment[1] in favor of Ricky D. Houston and Sherry L.

Houston with regard to one-half of the mineral interest in 120 acres of land in Conway

County. Appellants argue that the circuit court erred in granting a declaratory judgment in

favor of appellees because appellees were not bona fide purchasers of the property. We affirm.

On July 3, 1956, M. Hawkins and Matilda Hawkins deeded approximately 120 acres

of land in Conway County to James Willcutt by warranty deed. In the deed, the Hawkinses

reserved an undivided one-half interest in all oil, gas, coal, and other minerals. The deed was

---

[1]Although the order states that it is quieting title, based on the relief requested by
appellees in their complaint, we are treating the action as one for declaratory judgment.
Therefore, the order determines the ownership of the mineral rights in question only as
between the parties to this litigation.

recorded in record book 71 at page 441. On February 5, 1973, James Willcutt and Nadine Willcutt executed a warranty deed that conveyed the property to W.J. Cargile and Ruby Hawkins. The deed contains the following language:

> Reserving [an] undivided one-half interest in all Oil, Gas, Coal and other minerals as shown in Warranty Deed to the Grantors herein, in Deed Record Book "71" at page 441 of the Records of the Clerk and Recorder in and for Conway County, Arkansas.

W.J. Cargile and Ruby Hawkins deeded the property to Thomas W. Scott and Jessie Ruth Scott via a warranty deed executed on May 27, 1977. The deed states that it is subject to all mineral reservations of record. On June 20, 1977, the Scotts deeded the property to James E. Rankin and Juanita J. Rankin via a warranty deed. That deed also states that it is subject to all mineral reservations of record. The Rankins transferred the property to Ricky Dean Houston and Patricia Ann Houston via a warranty deed executed on June 30, 1986, which states that it is subject to all mineral reservations of record.

Appellees filed a petition for declaratory judgment in which they prayed for a declaratory judgment declaring that they are the owners of a one-half interest in the minerals on the subject property. Appellants, the children and widow of James Willcutt, answered and opposed the petition. After a hearing, the trial court entered an order granting a declaratory judgment in favor of appellees. This appeal followed.

Appeals from a declaratory-judgment action are reviewed under the clearly-erroneous standard, meaning that the trial court's findings are affirmed unless clearly erroneous. *Poff v. Peedin*, 2010 Ark. 136, 366 S.W.3d 347. The clearly erroneous standard does not apply if the underlying issue on appeal is governed by another standard. *Id.* As this is not the case here,

the clearly-erroneous standard will be applied.

In its order, the trial court states that the result was mandated by application of the *Duhig* rule. Arkansas' version of the *Duhig* rule was adopted by our supreme court in *Peterson v. Simpson*, 286 Ark. 177, 690 S.W.2d 720 (1985). In *Peterson*, the supreme court stated the following:

> Therefore, the proper procedure to follow in cases which do not involve the original grantor and his immediate grantee, as here, is to arrive at the meaning of the deed according to rules of objective construction, which we now hold to include application of the *Duhig* rule. Subjective considerations are not appropriate in such cases. Accordingly, with respect to [mineral] reservations contained in warranty deeds, a subsequent grantee is to receive that percentage of mineral interest in the land not reserved to the grantor, since the deed purports to deal with 100% of the minerals. If both the grant and reservation cannot thereby be given effect, the reservation must fail and the risk of title loss is on the grantor.

286 Ark. at 181, 690 S.W.2d at 723.

Appellants do not argue in their brief that the applicable deeds do not fit those subject to the *Duhig* rule as set forth in *Peterson*. Instead, appellants argue that the trial court erred by applying the *Duhig* rule in this case because appellees were not "bona fide purchasers." In support of their argument, appellants refer repeatedly to statements by Mr. Houston in his deposition that he believed at the time he purchased the land that they owned the minerals. They also allege that they had been paying taxes on the minerals, which they assert would have put appellees on constructive notice that they owned the minerals, and that appellees did nothing to ascertain ownership of the minerals.

The *Duhig* rule applies in cases not involving an original grantor and grantee if both the grant and reservation of a fractional mineral interest in a deed cannot be given effect. The

applicability of the rule is to be determined based upon an examination of the deed in question. The trial court found, based on the language of the 1973 deed, that both the grant and reservation of the fractional mineral interest could not be given effect. Appellants do not challenge that finding on appeal. Appellants' argument instead relies exclusively on assertions of facts and circumstances not reflected in the subject deed. As such, it does not provide a basis for reversal of the circuit court's order.

Affirmed.

HARRISON and GLOVER, JJ., agree.

*Dale Lipsmeyer*, for appellant.

*Morgan Law Firm, P.A.*, by: *M. Edward Morgan*, for appellees.