Cite as 2022 Ark. 55

# SUPREME COURT OF ARKANSAS
No. CV-21-382

| | |
|---|---|
| HUSIA HARKUF<br><br>APPELLANT<br><br>V.<br><br>LEAH MARONY, RECORDS SUPERVISOR, ARKANSAS DEPARTMENT OF CORRECTION; DEXTER PAYNE, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br><br>APPELLEES | Opinion Delivered: March 3, 2022<br><br>PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. 35CV-20-668]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br>AFFIRMED. |

**BARBARA W. WEBB, Justice**

Appellant Husia Harkuf, formerly known as Robert Moten, appeals the circuit court's dismissal of his petition for declaratory relief wherein Harkuf challenged the determination of his parole eligibility by officials with the Arkansas Department of Correction (ADC). Because Harkuf failed to demonstrate that the appellees acted in contravention of the statutes pertaining to his parole eligibility, we affirm the dismissal of the petition.

I. *Standard of Review*

Our standard of review for the granting of a motion to dismiss is whether the circuit court abused its discretion. *Mitchem v. Hobbs*, 2014 Ark. 233 (per curiam). Additionally, Harkuf's grounds for relief are based on an interpretation of criminal and enhancement

statutes, and this court reviews issues of statutory interpretation de novo because it is for this court to decide the meaning of a statute. *State v. Higginbotham*, 2020 Ark. 315, 612 S.W.3d 164.

## II. *Background*

In 2010, Harkuf was convicted at a bench trial of one count of first-degree battery and one count of second-degree battery and sentenced to an aggregate term of 264 months' imprisonment. The Arkansas Court of Appeals affirmed. *Moten v. State*, 2011 Ark. App. 417. The record further reflects that, in 1995, Harkuf pleaded guilty to reckless discharge of a firearm from a vehicle in violation of Ark. Code Ann. § 5-74-107(b)(1) (Supp. 1993). Pursuant to Ark. Code Ann. § 16-93-609(b)(1) (Repl. 2006), any person who commits a violent felony and who has previously been found guilty of a violent felony "shall not be eligible for release on parole." Under section 16-93-609(b)(2), a violent felony is defined as one of the offenses listed in Ark. Code Ann. § 5-4-501(d)(2) (Repl. 2006). Included in the offenses listed in section 5-4-501(d)(2) is a violation of section 5-74-107, which prohibits the discharge of a firearm from a vehicle. In light of the above, appellees determined that Harkuf was not eligible for parole because he had been previously convicted of a violent felony as defined by section 16-93-609.

## III. *Claims for Relief*

Harkuf contended below and reasserts on appeal that his prior conviction for recklessly firing a gun from a vehicle is not a violent offense according to the definition set out in Ark. Code Ann. § 5-74-103(c), which states in pertinent part that a "crime of violence"

means a violation of the law "where a person purposely and knowingly causes or threatens to cause death or serious physical injury to another person." Harkuf argues that he was convicted of violating section 5-74-107(b)(1) by recklessly discharging a firearm from a vehicle in a manner that creates a substantial risk of physical injury to another person. Accordingly, Harkuf contends that he did not commit a prior violent felony as defined by the "Arkansas Gang, Organization, or Enterprise Act" codified at Ark. Code Ann. §§ 5-74-101 through –203.

Harkuf insists that the definition of a violent felony in section 16-93-609 conflicts with the definition of a crime of violence that is set forth by the gang or enterprise act, which is applicable to all crimes defined by that act, including a violation of section 5-74-107(b). Harkuf maintains that the definition of a crime of violence as an act of knowingly discharging a firearm from a vehicle as set forth in section 5-74-103 takes precedence over section 16-93-609, which defines a violent felony as including the reckless discharge of a firearm. In addition, Harkuf contends that the reckless discharge of a firearm as defined in section 5-74-107(b) conflicts with other definitions of violent crimes, such as those set forth in Ark. Code Ann. § 5-73-101 (Supp. 2006), and that a violent crime must include the infliction of physical injury as defined in Ark. Code Ann. § 5-1-102(14) (Repl. 2006).

IV. *Statutory Construction*

When statutes are unambiguous, we construe them by looking to all laws on the subject, viewing them as a single system, and giving effect to the general purpose of the system. *Searcy Farm Supply, LLC v. Merchants & Planters Bank*, 369 Ark. 487, 256 S.W.3d 496

(2007). A statute is ambiguous only when it is open to two or more constructions or when it is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning. *Cave City Nursing Home, Inc. v. Ark. Dep't of Hum. Servs.*, 351 Ark. 13, 89 S.W.3d 884 (2002). This court is very hesitant to interpret a legislative act in a manner contrary to its express language unless it is clear that a drafting error or omission has circumvented legislative intent. *Id.* We take pains to harmonize statutes that are seemingly in conflict. *Searcy Farm Supply*, 369 Ark. 487, 256 S.W.3d 496. This is because our rules of statutory construction hold that statutes relating to the same subject are *in pari materia* and should be read in a harmonious manner if possible. *Hinojosa v. State*, 2009 Ark. 301, 319 S.W.3d 258. Unless two statutes relating to the same subject are in conflict and cannot be reconciled, they are to be read together, and each is to be given its intended effect. *Id.*

## V. *Analysis*

Section 16-93-609 is not ambiguous in that it clearly includes a violation of section 5-74-107 in its definition of a prior violent felony. It is neither open to two or more constructions nor is it vague. Section 16-93-609 relegates the actions of an executive agency, the ADC, while section 5-74-107 is a criminal statute. They can be read harmoniously to mean that section 16-93-609 is applicable to restrain the ADC's province related to parole to the specific criminal offenses listed—which includes the previous firearm offense—and the criminal statutes enacted in 1993 were designed to punish criminal conduct related to gang activity. *See Sesley v. State*, 2011 Ark. 104, 380 S.W.3d 390; *Neely v. State*, 2010 Ark. 452, 370 S.W.3d 820. In other words, the statutes are harmonic because they relate to different

4

provisions of the law—crime and punishment and when an executive agency (the ADC) is limited in how it applies its discretion related to parole eligibility. The ADC did not misinterpret the law as it applies to Harkuf's parole eligibility and acted within its province, as restrained by the legislature, to determine the same. The circuit court did not abuse its discretion when it dismissed Harkuf's declaratory-judgment action.

Affirmed.

WOMACK, J., concurs.

*Husia Harkuf*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Pamela Rumpz*, Sr. Ass't Att'y Gen., for appellee.