Cite as 2025 Ark. App. 145

# ARKANSAS COURT OF APPEALS

DIVISION II
NO. CV-23-712

| | |
|---|---|
| WASHINGTON COUNTY, ARKANSAS; AND PATRICK DEAKINS, WASHINGTON COUNTY JUDGE | Opinion Delivered March 5, 2025 |
| APPELLANTS | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. 72CV-23-728] |
| V. | |
| ELIZABETH COGER | HONORABLE MARK HEWETT, JUDGE |
| APPELLEE | |
| | AFFIRMED |

**STEPHANIE POTTER BARRETT, Judge**

Appellants Washington County, Arkansas; and Patrick Deakins, Washington County Judge (collectively, "Appellants") appeal from a Washington County order and judgment following a bench trial in which the circuit court found in favor of appellee, Elizabeth Coger ("Coger"). On appeal, Appellants argue that the circuit court erred (1) in finding that failure to provide public access to a meeting of a county board subcommittee violated the Arkansas Freedom of Information Act ("FOIA"); (2) in finding the business of the Washington County Criminal Justice Coordinating Board did not fall within the Public Meeting Exception in Ark. Code Ann. § 14-14-109(a)(2) (Repl. 2013); and (3) in awarding attorney's fees and damages to Coger for a violation of Arkansas FOIA inapplicable to boards or committees subordinate to county government. We affirm.

Washington County, Arkansas, established a Criminal Justice Coordinating Board ("CJC"). The CJC has three subcommittees, including a Pretrial Services Subcommittee. On February 7, 2023, the Pretrial Services Subcommittee held a meeting that was not open to the public. During previous meetings, the County provided the public with the opportunity to participate and observe in real time via Zoom videoconference. However, minutes before the February 7, 2023, meeting began, the Zoom link malfunctioned, rendering participants unable to join. Three members of the public, including Coger, urged Drew Smith ("Smith"), the County's CJC coordinator, to reschedule the meeting since there was no opportunity for public observation and comment, which violated the Arkansas FOIA. Despite these requests, the County proceeded with the meeting without recording it.

On March 16, 2023, Coger filed her original complaint against Appellants asking the Washington County Circuit Court to find Appellants in violation of the open-public-meetings provision of the Arkansas FOIA regarding the February 7, 2023, meeting. On April 13, 2023, Appellants responded to Coger's complaint, denying her allegations.

On June 6, 2023, a bench trial was held. Smith testified first, stating she had held the position of criminal justice coordinator for Washington County for eighteen months. Smith testified that in her role, she helps reduce the jail population and recidivism by working with community members, law enforcement, and judges. When questioned about the February 7, 2023, meeting, Smith testified that she organized the meeting and present were Sheriff Jay Cantrell, Mike Parker with the Arkansas Division of Correction, Leana Houston with the public defender's office, Matt Durrett with the prosecuting attorney's

2

office, and County Judge Patrick Deakins. Smith testified she attempted to create a Zoom link for public access, but thirty minutes before the meeting, she learned Zoom had stopped supporting webinars. During Smith's testimony, the State introduced plaintiff's exhibit 1, an email thread Smith started when she realized Zoom would not be available for public access. Smith conceded she was aware Coger, as well as Jon Comstock and Sarah Moore, were interested in attending the meeting, and she did not inform them of the Zoom malfunction until eleven minutes before the meeting started. Smith further admitted that Coger, Comstock, and Moore all asked her to reschedule the meeting since it would be a violation of the FOIA to hold the meeting without public access. Smith testified that at the conclusion of the meeting, she informed Coger and the others that the meeting had taken place as scheduled, and because no decisions were made, it was not a violation of the FOIA. Smith testified that during the meeting, the members discussed the possibility of creating a new position for a public defender in the jail. Smith testified that no specific person was discussed for this position, resumes were not reviewed, and compensation was not discussed.

Following Smith's testimony, Jon Comstock, Sarah Moore, and Coger all testified. Each witness testified to being affiliated with the Arkansas Justice Reform Coalition in some capacity, which led to their desire to advocate for the criminal justice system by participating in CJC meetings. All three witnesses further testified they had reached out to Smith before the February 7, 2023, meeting to ensure they were able to participate but were ultimately denied that opportunity. During Coger's testimony, she testified concerning a conversation with County Judge Patrick Deakins in which he asked her to help him ensure CJC meetings

3

were closed to the public, to which she responded, "[O]pen public meetings are a hill I will die on." Coger rested her case at the end of her testimony.

Next, County Judge Patrick Deakins testified on behalf of the Appellants. Deakins admitted he had told Coger he wanted to keep CJC meetings closed to the public, explaining that was the recommendation of the National Centers of State Courts. Deakins further testified he was aware the governing body's business was supposed to be done in public, and he was not aware of any statutory exceptions that would apply to the CJC meeting. When questioned by the circuit court about whether the February 7, 2023, meeting was recorded, Deakins responded he did not know. Appellants then rested their case.

During closing arguments, counsel for Appellants stated, "I think the testimony today is that these meetings are open to the public, the public is given an option to be heard, and with the exception of one meeting, the law has been followed." The circuit court did not make a ruling from the bench; instead, it instructed both parties to submit proposed findings of fact and conclusions of law as well as requested attorney's fees and costs.

On July 31, 2023, the circuit court entered its final order and judgment finding the Arkansas FOIA, specifically Ark. Code Ann. § 25-19-101 (Repl. 2024), applicable to meetings of the CJC as a public entity, is supported by public funds; that the CJC's meeting on February 7, 2023, was required to be open to the public, the failure of which violated both Ark. Code Ann. § 25-19-106 (Repl. 2024) of the FOIA and Ark. Code Ann. § 14-14-109; and rendered judgment in favor of Coger in the amount of $5,110 in attorneys' fees and $335 in costs.

4

Appellate courts review appeals from bench trials, including declaratory judgments, under the clearly erroneous standard. *Poff v. Peedin*, 2010 Ark. 136, at 6, 366 S.W.3d 347, 350. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made. *MacKool v. State*, 2012 Ark. 287, 423 S.W.3d 28.

This court gives great deference to a circuit court's findings of fact, mindful that the circuit court is in the best position to hear testimony and determine the credibility of the witnesses. *Save Energy Reap Taxes v. Shaw*, 374 Ark. 428, 435, 288 S.W.3d 601, 604 (2008). It is this court's duty to reverse if its own review of the record is in marked disagreement with the circuit court's findings. *Dopp v. Sugarloaf Mining Co.*, 288 Ark. 18, 702 S.W.2d 393 (1986) (citing *Rose v. Dunn*, 284 Ark. 42, 679 S.W.2d 180 (1984)); *Walt Bennett Ford v. Pulaski Cnty. Special Sch. Dist.*, 274 Ark. 208, 624 S.W.2d 426 (1981)).

Appellants first argue that the circuit court erred in finding that failure to provide public access to a meeting of a county board subcommittee violated the Arkansas FOIA. Specifically, Appellants argue Ark. Code Ann. § 14-14-109 "more directly" covered the subcommittee meeting at issue in this case rather than the open-meetings provision of the FOIA found in Ark. Code Ann. § 25-19-106(a). We disagree.

Under the Arkansas FOIA, except as otherwise specifically provided by law, all meetings, formal or informal, special or regular, of the governing bodies of all municipalities, counties, townships, and school districts and all boards, bureaus, commissions, or organizations of the State of Arkansas, except grand juries, supported wholly or in part by

5

public funds or expending public funds, shall be public meetings. Ark. Code Ann. § 25-19-106. Arkansas law further provides that all meetings of a county government governing body, board, committee, or any other entity created by, or subordinate to, a county government shall be open to the public except . . . a meeting, or part of a meeting, which involves or affects the employment, appointment, promotion, demotion, disciplining, dismissal, or resignation of a county government official or employee need not be open to the public unless the local government officer or employee requests a public meeting. Ark. Code Ann. § 14-14-109(a)(1)–(2).

Appellants point to the language "unless otherwise specifically provided by law" as the basis for their argument that Ark. Code Ann. § 14-14-109 should apply. When statutes are unambiguous, we construe them by looking to all laws on the subject, viewing them as a single system and giving effect to the general purpose of the system. *Searcy Farm Supply, LLC v. Merchs. & Planters Bank*, 369 Ark. 487, 256 S.W.3d 496 (2007). A statute is ambiguous only when it is open to two or more constructions or when it is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning. *Cave City Nursing Home, Inc. v. Ark. Dep't of Hum. Servs.*, 351 Ark. 13, 89 S.W.3d 884 (2002). This court is very hesitant to interpret a legislative act in a manner contrary to its express language unless it is clear that a drafting error or omission has circumvented legislative intent. *Id.* We take pains to harmonize statutes that are seemingly in conflict. *Searcy Farm Supply*, 369 Ark. 487, 256 S.W.3d 496. This is because our rules of statutory construction hold that statutes relating to the same subject are *in pari materia* and should be read in a harmonious manner

6

if possible. *Hinojosa v. State*, 2009 Ark. 301, 319 S.W.3d 258. Unless two statutes relating to the same subject are in conflict and cannot be reconciled, they are to be read together, and each is to be given its intended effect. *Id.*

Arkansas Code Annotated section 25-19-106(a) is not ambiguous and clearly includes counties as subject to the open-meetings provision of the FOIA. It is not open to two or more constructions nor is it vague. Section 25-19-106(a) relegates open public meetings of all governing bodies, while section 14-14-109 provides for a specific instance when a county government meeting can be closed to the public. They can be read harmoniously to mean that section 25-19-106 is the overarching guide to county government on conducting open public meetings, and section 14-14-109 governs when a county is precluded from following the open-public-meeting requirement. In other words, the statutes are harmonic because they relate to different provisions of the law. *See Harkuf v. Marony*, 2022 Ark. 55, 639 S.W.3d 872. The circuit court did not misinterpret the law as it applies to the CJC meeting. Therefore, we hold that the circuit court's decision was not clearly erroneous.

Next, Appellants argue that the circuit court erred in finding the business of the Washington County Criminal Justice Coordinating Board did not fall within the public-meeting exception of Ark. Code Ann. § 14-14-109(a)(2) because it involved or affected the employment of a county government official or employee. However, Appellants failed to raise this argument to the circuit court. It is well settled that this court does not consider arguments raised for the first time on appeal; a party cannot change the grounds for an

objection or motion on appeal but is bound by the scope and nature of the arguments made before the circuit court. *Yant v. Woods*, 353 Ark. 786, 120 S.W.3d 574 (2003).

Finally, Appellants argue that the circuit court erred in awarding attorney's fees and damages to Coger for a violation of the Arkansas FOIA. Specifically, Appellants argue that Arkansas FOIA is inapplicable to boards or committees subordinate to county government; therefore, the penalty provision found in Ark. Code Ann. § 25-19-107(e)(2)(A) (Repl. 2024) cannot apply to them. We disagree.

Under the Arkansas FOIA, a plaintiff who substantially prevailed in an action against the State of Arkansas or a department, agency, or institution of the state may file a claim with the Arkansas State Claims Commission to recover reasonable attorney's fees and other litigation expenses reasonably incurred. Ark. Code Ann. § 25-19-107(e)(2)(A). To support their argument, Appellants point to the above language, asserting that it expressly does not apply to county government, only state government. We have determined that the CJC meeting was subject to the laws of the FOIA; therefore, we hold that Appellants are also subject to the penalty provision contained within the FOIA. Further, under the plain language of the FOIA, attorney's fees shall be assessed against the defendant when the plaintiff substantially prevailed in his suit to enforce a right granted under the FOIA unless the position of the defendant was substantially justified, or other circumstances make an award of attorney's fees or costs unjust. *City of Little Rock v. Carpenter*, 374 Ark. 511, 288 S.W.3d 647 (2008). It is clear from the record that Appellants' actions were not substantially

8

justified nor are there other circumstances that would render the award of fees and costs unjust.

Affirmed.

KLAPPENBACH, C.J., and WOOD, J., agree.

*Story Law Firm, PLLC*, by: *Travis W. Story*, for appellants.

*Crouch, Harwell, Gryar & Ferner, PLLC*, by: *Steven S. Zega*, for appellee.